STATE OF MAINE *vs.* WILLIAM A. GERRISH.

York.   Opinion December 16, 1885.

*Practice.   Larceny.   Receiving stolen goods.   Indictment.   Value of property stolen.*

On a motion in arrest of judgment, the court cannot consider matters which arise outside of the indictment and cannot be seen on the indictment itself.

An indictment for concealing stolen goods is not void because the articles are described therein collectively instead of separately; it may be on that account more difficult to maintain.

Such an indictment may not entitle the state to a verdict, if the proof fails to show guilt as to any portion of the goods; but a general verdict against the accused implies conclusively that the proof was complete.

In larceny or concealment of stolen goods, it must affirmatively appear that the goods stolen or concealed were of some value; but the proof of that fact may be inferential merely; and the jury may infer it from an inspection of the goods or from a description of them by witnesses.

ON EXCEPTIONS.

After verdict the defendant moved in arrest of judgment. The only question discussed in the opinion relates to the exceptions to the ruling of the court in overruling the motion in arrest of judgment, which was as follows :

" And now after verdict and before judgment in the above entitled cause, the defendant comes and moves that judgment in said cause be arrested and that he be discharged and allowed to go without day, for the following reasons, because :

" 1. The indictment in said cause charges no offence.

" 2. Because the crime alleged in said indictment is not set forth and alleged with sufficient certainty.

" 3. Because the articles alleged in said indictment to have been feloniously stolen, taken and carried away, and that said indictment alleges that said defendant feloniously did buy, receive and aid in concealing, the said William A. Gerrish then and there well knowing the said property, goods and chattels then and there to have been feloniously taken and carried away, is not in said indictment alleged and set forth and described with sufficient accuracy.

" 4. Because the said indictment alleges the value of the goods and chattels collectively, and there is no evidence that all the goods and chattels therein alleged that said defendant did feloniously buy, receive, have and aid in concealing, was bought, received, concealed, or assisted in being concealed, by this defendant.

" 5. Because the state, in the trial of said cause, proved no value to the goods and chattels in said indictment mentioned.

" 6. And that said indictment is in other respects informal and insufficient. "

*Frank M. Higgins*, county attorney, for the state, cited: 2 Bish. Cr. Procd. (3d ed.) § § 713, 985, 751; Roscoe's Cr. Ev. (8th ed.) § 126; 3 Greenl. Ev. (Redfield ed.) § 153; Wharton Cr. Ev. (8th ed.) § § 128, 126; *Com.* v. *Morrill*, 62 Mass. (8 Cush.) 574; *Com.* v. *McKenney*, 75 Mass. (9 Gray,) 114; *Com.* v. *Lawless*, 103 Mass. 425; *State* v. *Buck*, 46 Maine, 531; *Remsen* v. *People*, 57 Barb. (N. Y.) 324; *Com.* v. *Hogan*, 3 Brewster, (Penn.) 341; *Com.* v. *Burke*, 94 Mass. (12 Allen,) 182; *Com.* v. *Riggs*, 80 Mass. (14 Gray,) 378.

*Copeland and Edgerly*, for the defendant.

The indictment must state the value of the articles stolen. *Commonwealth* v. *Smith*, 1 Mass. 245.

Every material allegation in an indictment must be proved as alleged, and it was incumbent on the state to show that the goods alleged to have been stolen, were of value. *Hope* v. *Commonwealth*, 9 Met. 136; *Locke* v. *State*, 32 N. H. 106.

It is consistent with the allegation in the indictment, that the only goods which were deemed by the grand jury to be of any value, were those which were not produced at the trial, or proved to have been stolen or concealed. As the defendant may have been convicted without being found guilty of concealing anything which the grand jury and the traverse jury concurred in finding to be of any value, the verdict should be set aside. *Commonwealth* v. *Lavery*, 101 Mass. 209; *O'Connell* v. *Commonwealth*, 7 Met. 460; *Hope* v. *Commonwealth*, 9 Met. 134.

PETERS, C. J. The indictment charges the concealing of stolen goods, described in this manner: " One box containing about twenty pounds of tobacco, one chest of tea, thirty pairs of shoes and ten pairs of boots, all of great value, to wit, of the value of seventy-five dollars. "

Several matters are presented under the motion in arrest which we cannot consider, because they arise outside of the indictment. The only point presented under the motion that may be seen upon the indictment itself, is that the goods are collectively instead of separately valued. But this does not render the indictment void. It may have made it difficult to

maintain. The point relied on by the defense is that, inasmuch as all the alleged goods were not stolen and concealed, the entire value of the property may have attached to the goods which were not stolen, the others being valueless. But the indictment itself discloses no such weakness. The presumption arising from a general and unqualified verdict, is, that all the goods were stolen and secreted. The verdict saves the indictment, rendering the whole record good. *State* v. *Hood*, 51 Maine, 363; *Commonwealth* v. *Lavery*, 101 Mass. 207; 2 Bish. Proc. (3d ed.) § 714.

The counsel for the respondent asserts that, as a matter of fact, all the articles were not stolen, and produces a copy of the evidence for our examination, that we may see that they were not. But that is a matter of proof and not of pleading. To meet any defect of proof the remedy would have been to request rulings appropriate to the facts, if not given without request. Or a motion to set the verdict aside as being against the proof would have reached the alleged difficulty. The point is presented to us only upon exceptions to a refusal to sustain a motion in arrest.

In the bill of exceptions a point is made upon the ruling of the judge in another question. It is inferable from the exceptions that there was no evidence introduced to show what the goods or any of them were worth, or whether worth anything or not; that is, no witness testified specifically upon the question of value. The judge was requested to tell the jury that the prosecution must prove that the articles named in the indictment were of value, and that the fact should be proved by evidence and was not to be merely inferred. The jury were instructed that the fact of value must be proved by evidence, but that they might infer from all of the evidence in the case whether the articles were of some value or not. This was correct.

It was not required that the fact of value should be established by any separate proof. The jury may infer it from an inspection of the articles or from having heard them described by witnesses. The jury need not necessarily be informed of what they can see

for themselves. Many things speak their own value. *Res ipsa loquitur.* Suppose the stolen goods had been government gold pieces; would it have occurred to any one that a witness should be called to swear that they were valuable? Bish. Cr. Proc. § 751, and cases; *Com.* v. *Burke*, 12 Allen, 182; *Com.* v. *McKenney*, 9 Gray, 114; *Com.* v. *Lawless*, 103 Mass. 431.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.