**STATE of Maine**

v.

**Martin J. DALEY.**

Supreme Judicial Court of Maine.

Argued Jan. 19, 1982.

Decided Feb. 9, 1982.

Janet T. Mills, Dist. Atty., J. Scott Davis, Asst. Dist. Atty. (orally), South Paris, for plaintiff.

Peter J. Becker, Bridgton (orally), for defendant.

Before McKUSICK, C. J., and GODFREY, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

Following a jury trial in Oxford County, defendant was convicted of the Class D crime of assault, 17–A M.R.S.A. § 207 (Supp.1981), and sentenced to 364 days in the Maine State Prison. His appeal challenges the Superior Court justice's instructions to the jury on self-defense. Finding obvious error in that charge, we vacate the judgment of conviction and remand for further proceedings.

The assault at issue was described at trial in markedly different ways by the complainant, Ronald Murray, and defendant. Murray testified that he encountered defendant, a man he knew only casually, at a mutual friend's house on the afternoon of December 7, 1980. Totally without provocation, defendant punched Murray in the face three times, then left. Later that day, defendant apologized to Murray, who thought the incident closed. Soon after apologizing, however, defendant surreptitiously approached Murray on the latter's front porch and punched and kicked him badly, breaking his nose and right wrist and causing other injuries. When defendant finally left, Murray went inside his house,

grabbed his rifle, and stationed himself on his front porch until a friend convinced him to surrender the gun.

Defendant denied that the first incident occurred at all, and explains the second as self-defense. Defendant says that while he was visiting a neighbor of Murray's, Murray entered and asked him to step outside. The two crossed the street to Murray's house, where Murray jumped onto the front porch, swung around brandishing a rifle, and kicked defendant. Defendant disarmed Murray with a kick to the wrist, then immobilized him with a kick to the face.

In the version of neither defendant nor Murray was any third person involved in the fray. The presiding justice's charge to the jury contained lengthy instructions on the justification of self-defense and the various exceptions to it recognized by the Criminal Code. Included in those instructions was an apparent explanation of 17–A M.R.S.A. § 108(2)(C)(2) (Supp.1981), which has no relevance to the facts of the case where no third person was involved. That particular statutory provision makes the self-defense justification unavailable to a defendant who uses deadly force against a victim in aid of a third person if the defendant knew that the third person "intentionally and unlawfully provoked" the victim into using deadly force. The presiding justice said that a defendant

> may not claim self-defense under the circumstances if he knows that the person against whom the unlawful, deadly force is directed intentionally and unlawfully provoked the use of such force. So, if Mr. Daley knew that Mr. Murray intentionally and unlawfully provoked the use of force on his part, he may not then use that force in self-defense.

■ At first, defense counsel objected to this instruction, but after a brief colloquy with the bench declared, "No objection." Nevertheless, the instruction later became the basis of defendant's motion for a new trial, which the presiding justice denied. The State correctly urges that defendant has failed to preserve his objection to the jury charge and that therefore the instruc-

tion can only be reviewed under the obvious error standard of M.R.Crim.P. 52(b). *See State v. Lewisohn*, Me., 379 A.2d 1192, 1208 (1977).

■ The obvious error standard requires the reviewing court to make a penetrating inspection of all the circumstances of the trial to determine whether there exists "a seriously prejudicial error tending to produce manifest injustice." *State v. Baker*, Me., 409 A.2d 216, 219 (1979). What is obvious error defies precise articulation, and only "[t]he particular circumstances, weighed with careful judgment, will determine whether the obviousness of the error and the seriousness of the injustice done to the defendant thereby are so great the Law Court cannot in good conscience let the conviction stand." *State v. True*, Me., 438 A.2d 460, 469 (1981).

■ Here, defendant admits committing the assault with which he is charged and rests his entire defense on the justification of self-defense. Since the jury was bound to assess this justification in light of the presiding justice's instructions on self-defense, those instructions were crucial to defendant's receiving a fair trial. The instruction challenged on this appeal declared defendant Daley to be ineligible for the justification of self-defense if he knew that Murray intentionally and unlawfully provoked the use of deadly force. Thus, the challenged instruction stated the exact reverse of the law of self-defense. Whatever else the justice said on the subject, difficult to understand in any event, was directly contradicted in clear terms by the erroneous charge.

In denying defendant's motion for a new trial, the presiding justice conceded that error, but ruled that it was not prejudicial because the erroneous instruction was mere surplusage, section 108(2)(C)(2) being inapplicable to the facts of the case, and because the remaining instructions adequately compensated for whatever confusion the error may have created. We cannot agree. The whole charge was lengthy and confusing in its treatment of self-defense, cleaving too

closely to the language and structure of section 108 to be readily understood by laymen. The fact that section 108(2)(C)(2) was inapplicable only means that any attempt to summarize it compounded the opacity of the charge.

 Isolated shortcomings in a jury charge are not necessarily fatal to a verdict, since an appellate court must review any instruction in context, taking into account the total effect created by all the instructions. *State v. Poulin*, Me., 268 A.2d 475, 480 (1970). A reviewing court must be still more reluctant to disturb the judgment when, as here, the charge is examined only for obvious error. Nonetheless, the instructions in this case touched a matter so critical to defendant, and were on the whole so confusing, that we must label as obvious error the specific instruction at issue here.

The entry must be:

Judgment of conviction vacated.

Case remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.