## STATE of Maine
## v.
## David POWELL.

Supreme Judicial Court of Maine.

Argued Nov. 17, 1982.

Decided Dec. 3, 1982.

Michael E. Povich, Dist. Atty., Genevieve Stetson, Asst. Dist. Atty. (orally), Machias, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Michael D. Seitzinger (orally), Augusta, Anthony W. Beardsley, Ellsworth, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

WATHEN, Justice.

The defendant, David Powell, was convicted of aggravated criminal mischief, Class C, 17–A M.R.S.A. § 805 (Supp.1982), after a trial by jury in Superior Court, Washington County. The defendant assigns as error the court's instructions to the jury on the elements of causation and value. Since the instructions on value constitute obvious error we sustain the appeal.

On the evening of April 24, 1981, the defendant and an officer of the Lubec Police Department engaged in an extended vehicular chase through a blueberry field. The resulting collision between the two vehicles caused substantial damage to the police cruiser. The indictment charged defendant with intentionally or knowingly damaging the property of the Town of Lubec in the amount of $2,000.00. At trial it was established that the police cruiser was a 1978 Pontiac. A self-employed auto repairman testified that he repaired the cruiser and that the left front end was "pretty well wrecked." The evidence established

the cost of repair to be $1,939.65. The record contains no direct testimony as to the market value of the cruiser at the time of the accident or its purchase price.

One of the elements of aggravated criminal mischief is that the damage to property must exceed $1,000 in value. 17–A M.R.S.A. § 805(1)(A) (Supp.1982). Value is measured by the lesser of repair cost and market value. *See* 17–A M.R.S.A. §§ 352(5)(A), 805(1–B) (Supp.1982).

■ At trial, the presiding justice instructed the jury on the elements of value as follows:

> And, this property has to have been damaged in an amount exceeding more than a thousand dollars, a thousand-and-one dollars or more, exceeding it.
>
> Now, the meaning of value is set forth in the statute, and they say that the value should be determined by the ascertainable market value of what is involved, and here they spell out further that, as used in this section—it is the section defining aggravated criminal mischief—value shall be determined by the cost of repair unless that determination exceeds the determination of the value of the property, had it been destroyed, in which case the property shall be deemed destroyed for purposes of this subsection. *So value means the cost of repair on the market.* All right. (emphasis added) [1]

Although this instruction suggests at one point the correct value formula, the final portion limits the jury to the cost of repair in determining value. Neither the trial court nor this Court could take judicial notice that the market value of the 1978 Pontiac police cruiser in 1981 was greater than the cost of the repairs, $1,939.65. The exact value of property, either generally or on a given date, is not subject to judicial notice even though the value of the property is determined by trading in public markets, *Stansbury v. Stansbury,* 149 Cal.App.2d 760,

309 P.2d 137 (1957) (that car was worth less than $3,900); *Beneficial Consumer Discount Co. v. Savoy,* 291 Pa.Super. 649, 436 A.2d 687 (1981) (Redbook value of car); 1 *Wharton's Criminal Evidence* § 85 (13th ed. 1972).

■ The State concedes that the instruction was erroneous but relies on defense counsel's failure to object at trial. The standard of "obvious error" requires reversal only if the erroneous instruction constituted "a seriously prejudicial error tending to produce manifest injustice." *State v. Daley,* 440 A.2d 1053, 1055 (Me.1982); *State v. Thomas,* 432 A.2d 757, 762 (Me.1981). As this Court stated in *Daley:*

> What is obvious error defies precise articulation, and only '[t]he particular circumstances, weighed with careful judgment, will determine whether the obviousness of the error and the seriousness of the injustice done to the defendant thereby are so great the Law Court cannot in good conscience let the conviction stand.'

Stated differently, this Court should reverse unless it determines beyond a reasonable doubt that the jury would not have resolved the issue differently had they been properly instructed. *Thomas,* 432 A.2d at 763. The State suggests that the jury should have concluded that the market value of the cruiser exceeded $1,000 on the basis of common sense and the fact that the Town of Lubec spent nearly $2,000 to repair it. We are not called upon to decide the likelihood of a jury result if properly instructed but whether the jury *could* have resolved the issue differently. The State presented no direct evidence of market value and did not present either the cruiser or a photograph for jury inspection. Such a sparse record leaves substantial, if not complete, leeway for jury determination on the issue of market value. Thus, this Court is unable to conclude beyond a reasonable doubt that the jury would not have resolved the issue differently had they been properly

---

1. We recognize that the underlined portion may contain a typographical error. The word "on" may have been substituted for "or". Neither party in this proceeding sought to correct the record pursuant to M.R.Crim.P. 39. The

defendant is entitled to a decision from this Court based upon the record presented. *State v. Wheeler,* 444 A.2d 430, 432 (Me.1982); *State v. Gribbin,* 360 A.2d 517, 518 (Me.1976).

instructed. The instruction in question constitutes obvious error.

The remaining issue raised on appeal does not require consideration because we vacate the judgment.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.