**STATE of Maine**

v.

**Joseph E. EARLEY.**

Supreme Judicial Court of Maine.

Argued Sept. 22, 1982.

Decided Jan. 4, 1983.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, Mi-

chael Reynolds (orally), Law Student Intern, for plaintiff.

Zuckerman & Avaunt, Robert Avaunt (orally), Gray, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

Joseph E. Earley appeals from convictions on three counts [1] of attempted murder, 17–A M.R.S.A. §§ 152(1), 201 (1982), two counts of reckless conduct, 17–A M.R.S.A. § 211 (1982), and one count of aggravated assault, 17–A M.R.S.A. § 208(1)(B)–(C) (1980),[2] following a jury trial in the Superior Court, Cumberland County. Because we conclude that inadequacies in the jury instructions constitute obvious error affecting the substantial rights of the defendant, we vacate the convictions.

I.

On the morning of July 2, 1981, Earley's wife of seven years obtained a divorce from the defendant. Following a day of beer consumption, Earley returned, with a gun, to the marital home in Portland. When the defendant's former wife arrived home, the couple had some sort of exchange during which the defendant displayed the gun to Mrs. Earley. A short while later, Mrs. Earley ran from the house. The defendant followed his former wife and chased her down the street. After a scuffle with Mrs. Earley on the street, the defendant ran back to the house.

Shortly thereafter a police cruiser with two officers arrived at the house and Earley began firing the gun from a second

floor window. Eventually, the house was surrounded by police, and bystanders watched from various nearby points. During the next one to two hours the defendant fired approximately twenty rounds of ammunition out the second floor windows. The incident ended when Earley surrendered to police.

The first count of the indictment charged that Earley attempted to strangle his former wife. The second and third counts charged Earley with the attempted murder of the two police officers who first responded to the scene. The fourth count charged Earley with the attempted murder of a police officer who was struck in the jaw by a bullet. The two reckless conduct charges also involved police officers at the scene. Finally, Earley was charged with the aggravated assault of a bystander who received powder burns on the chest.

At arraignment Earley pleaded not guilty, and not guilty by reason of insanity, to each count of the indictment. Prior to jury selection the defendant, through counsel, moved to withdraw his plea of not guilty by reason of insanity. Following a brief inquiry addressed to defense counsel, the trial justice granted the motion to withdraw the plea.[3] Earley retained his plea of not guilty.

At the close of trial, the trial justice charged the jury. In his original instructions the trial justice mentioned "use of a firearm" only with respect to the two counts of reckless conduct. At sidebar the prosecution requested that the instructions be amended to include "with a firearm" for "all seven" counts. Defense counsel did not object. The trial justice so instructed the jury. At sidebar again, the prosecution cor-

---

1. The first count of the indictment charged that Earley attempted to strangle his former wife. Because the jury returned a verdict of not guilty on the first count, this appeal involves convictions on only three of four counts of attempted murder.

2. Although the heading for the seventh count of the indictment and the judgment cited 17–A M.R.S.A. § 208(1)(A) (C), the language in the body of the indictment establishes that Earley was charged with and convicted of the viola-

tion of 17–A M.R.S.A. § 208(1)*(B)–(C)*. Under the criminal rules, error in the citation of a statute is not grounds for the dismissal of the indictment or for reversal of a conviction if the error did not mislead the defendant to his prejudice. M.R.Crim.P. 7(c). Earley has not alleged any such prejudice.

3. After trial a new attorney appeared on Earley's behalf and sought unsuccessfully to reassert the insanity defense.

rected his amendment to exclude count one—charging attempted strangulation—from the firearm instructions. The trial justice again clarified the jury instructions. Again defense counsel voiced no objection. The jury retired to deliberate supplied with a verdict form that included the words "with use of a firearm" only in the two counts of reckless conduct. Counsel failed to object to the verdict form.

## II.

■ On appeal Earley claims that the jury was confused by an inaccurate verdict form, first noticed by the prosecutor at the conclusion of the court's jury charge, and by the court's attempts to cure the error. Earley also contends that he was prejudiced by the court's instructions on "use of a firearm," 17–A M.R.S.A. § 1252(4) (1982). Because defense counsel expressly voiced no objection to the charge, we review on the obvious error standard of M.R.Crim.P. 52(b). *See also* M.R.Crim.P. 30(b). By that standard we conclude that we must review the entire jury charge since the specific defects alleged by Earley are inextricably intertwined with other inadequacies pervading the court's instructions.

■ The multiplicity of charges and the interrelated concepts of culpability contained therein, required the trial court in this case to exercise extra care lest the defendant be deprived of his constitutional right to a fair trial. Each element of the various crimes warrant separate explanation to the jury. We have previously recognized that a failure to properly instruct the jury on each of the essential elements of the offense charged affects the defendant's substantial rights under M.R.Crim.P. 52(b). *State v. Pratt,* 309 A.2d 864 (Me.1973); *see State v. Daley,* 440 A.2d 1053 (Me.1982); *see also State v. Sommer,* 409 A.2d 666, 672 (Me.1979) (Glassman, J., dissenting).

■ The first four counts of the indictment charged Earley with attempted murder.[4] The instructions on all four counts comprised less than two full pages of transcript and initially contained no reference to the use of a firearm, as alleged in counts two, three, and four. The court referred to the "*culpability* required for the commission of the crime" without explaining the term "*culpability.*" "Intent" was not defined in relation to "attempt" and the jury was not told that a "substantial step" must be "strongly corroborative of the firmness" of that intent. Furthermore, in defining murder the court incorrectly explained both intentional conduct and knowing conduct under the criminal code.

Counts five and six of the indictment charged Earley with reckless conduct.[5] The jury was not correctly instructed as to the meaning of "recklessly" under the code and "serious bodily injury" was incorrectly defined. On the seventh and final count, charging Earley with aggravated assault,[6] the court gave instructions under 17–A M.R.S.A. § 208(1)(B) and (C).[7] No proper instruction was given as to the element in aggravated assault of intentional, knowing, or reckless conduct. Instead, the court sim-

4. 17–A M.R.S.A. § 152(1) states that:
   A person is guilty of criminal attempt if, acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime, he engages in conduct which, in fact, constitutes a substantial step toward its commission. A substantial step is any conduct which goes beyond mere preparation and is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime.

5. 17–A M.R.S.A. § 211 states in pertinent part:
   1. A person is guilty of reckless conduct if he recklessly creates a substantial risk of serious bodily injury to another person.

6. 17–A M.R.S.A. § 208(1)(B)–(C) (1980) reads as follows:
   1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:
   . . . .
   B. Bodily injury to another with use of a dangerous weapon; or
   C. Bodily injury to another under circumstances manifesting extreme indifference to the value of human life. Such circumstances include, but are not limited to, the number, location or nature of the injuries, or the manner or method inflicted.

7. *See supra* note 2.

ply asked the jury to "remember" the previous incorrect definitions of intentionally, knowingly, and recklessly. The court did not define "dangerous weapon" and failed to explain the phrase "circumstances manifesting extreme indifference to the value of human life" as provided in section 208(1)(C).

Finally, there were two conferences at side-bar concerning the instructions and the inaccurate verdict form. The prosecutor first suggested that the indictment alleged "with use of a firearm" in "every one of the counts[—] all seven." After the jury was instructed according to that suggestion, the prosecutor remembered that count one involved attempted strangulation. The court then corrected the correction as to count one. The verdict form, however, was submitted in its original erroneous form. The confusion of counsel as to the proper statement of the charges must have added to the jury's confusion.

We recognize the possibility that some of the problems with the jury instructions may be caused by errors in transcription. *See State v. Trott,* 289 A.2d 414 (Me.1972); *see also Pratt,* 309 A.2d at 865 n. 2. We conclude, however, that we cannot read the jury charge in this case to adequately inform the jury as to its duty. As we have previously held, Earley is entitled to appellate review based only upon the record before the reviewing court. *See State v. Wheeler,* 444 A.2d 430, 432 (Me.1982); *State v. Gribbin,* 360 A.2d 517, 518 (Me.1976).

We vacate Earley's convictions under M.R.Crim.P. 52(b).[8] We need not, therefore, address the issues relating to Earley's withdrawal of an insanity plea. Upon remand Earley may, should he so choose, renew his request to reassert his plea of not guilty by reason of insanity.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

8. Even though it does not affect this judgment, we also grant the defendant's motion to strike the psychological reports contained in appel-

lee's brief because they were improperly included. M.R.Crim.P. 39.