**STATE of Maine**

v.

**Fred J. THORNE.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1983.

Decided Feb. 15, 1983.

Michael E. Povich, Dist. Atty., Genevieve Stetson, Asst. Dist. Atty. (orally), Machias, for plaintiff.

Talbot & Talbot, William Talbot, Jr. (orally), Machias, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

MEMORANDUM DECISION.

The Defendant, Fred J. Thorne, appeals his conviction of one count of nonsupport of dependents (Class E), 17–A M.R.S.A. § 552, following a jury trial in Superior Court, Washington County, which was the county where the complaint was brought. We affirm that conviction.

First, the Defendant argues that the Superior Court erred in failing to rule on two motions for change of venue. We must treat the motions for change of venue as having been denied by the Superior Court. The record before us fails to even hint at, much less establish, "a climate of hostility toward the defendant so infecting the community that he could not obtain a fair trial therein." *State v. Pritchett,* 302 A.2d 101, 104 (Me.1973). We perceive no error.

Second, the Defendant contends that the Superior Court erred in orally amending the complaint by deleting that portion of the offense charged which fell outside of the statute of limitations.[1] This amendment was effected by the court before trial with notice to both the Defendant and the State. Because no objection was raised then or at trial,[2] we review only for "seriously prejudicial error tending to produce manifest injustice." *State v. Powell,* 452 A.2d 977, 978 (Me.1982). The reduction of the time period encompassed by the complaint in no way prejudiced the Defendant; accordingly, no manifest injustice resulted.

Finally, the Defendant challenges the jury instructions given by the Superior Court and the sufficiency of the evidence supporting his conviction. Our review of the record at trial convinces us that neither claim has merit.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

1. The complaint originally charged the Defendant with non-support over a period of five years. The amendment limited the charge to the three-year period of the statute of limitations for Class E offenses. 17–A M.R.S.A. § 8(2)(B) (1982).

2. Through the trial the Defendant represented himself, his present counsel having been thereafter appointed for purposes only of the appeal.