**STATE of Maine**

v.

**Robert COTE.**

Supreme Judicial Court of Maine.

Argued March 21, 1983.
Decided July 13, 1983.

Gene Libby, Dist. Atty., Deborah A. Buccina (orally), Asst. Dist. Atty., Alfred, for plaintiff.

Boone & Cantara, James P. Boone (orally), Biddeford, for defendant.

* Carter, J. sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

Before GODFREY, NICHOLS, ROBERTS, CARTER *, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Defendant, Robert Cote, appeals from a conviction of robbery, 17–A M.R. S.A. § 651 (1983), entered on July 20, 1982, following a jury trial in Superior Court, York County. We vacate the conviction because there were deficiencies in the jury instructions which constitute obvious error affecting substantial rights of the Defendant.

The one-count indictment alleged that on April 2, 1982, at Biddeford the Defendant robbed Paul Trimm of a wallet containing approximately $170. At trial Trimm and a second witness testified that on that evening they and the Defendant were in Trimm's apartment; that at approximately 10:00 P.M., the Defendant forcefully grabbed Trimm and then reached into Trimm's pocket and removed his wallet. Neither witness could recall precisely what the Defendant did with Trimm's wallet, but each testified that he never saw the wallet again.

At the close of trial the presiding justice instructed the jury in a charge which fills less than five pages in the transcript; of these pages, three and one-half contain general instructions pertinent to any criminal trial. A scant nine lines of transcript are devoted to instructing the jury on the crime of robbery.

On appeal, the Defendant asserts that the jury instructions are deficient in failing to inform the jury adequately of the elements of the offense of robbery. Because defense counsel voiced no objection to the charge at the time of trial, we must review the instructions on the obvious error standard of M.R.Crim.P. 52(b). *See also* M.R.Crim.P. 30(b). This standard requires the reviewing court to examine the entire circumstances of the trial to determine

whether there exists a "seriously prejudicial error tending to produce manifest injustice." *State v. Daley,* 440 A.2d 1053, 1055 (Me.1982); *State v. Baker,* 409 A.2d 216, 219 (Me.1979).

■ To prove the commission of the offense of robbery under 17–A M.R.S.A. § 651, it was the State's burden to prove beyond a reasonable doubt that the Defendant exercised unauthorized control over Trimm's wallet with the conscious object to deprive him of that property, and that the Defendant used force or threatened to use force against Trimm with the conscious object to compel him to give up that property.[1] See *State v. Grant,* 417 A.2d 987, 990 (Me.1980). All that the presiding justice said to the jury as to the crime of robbery was this:

> Turning now to the specific crime of robbery. The State to prove robbery, the evidence must prove beyond a reasonable doubt two elements. First, the State must prove beyond a reasonable doubt that Mr. Cote stole some of Mr. Trimm's money. Secondly, the State must prove beyond a reasonable doubt that Mr. Cote used physical force with the intent to prevent or overcome resistance to the taking of that robbery [sic].[2]

At no time did he explain to the jury the meaning of intent,[3] and at no time did he make clear that a defendant need possess the intent to deprive the victim of his property permanently at the time that property is taken. *Cf. State v. McKeough,* 300 A.2d 755, 758 (Me.1973); *State v. Greenlaw,* 159 Me. 141, 148, 189 A.2d 370, 374 (1963). Further, the last sentence of the above-quoted portion of the charge does not communicate clearly that before he can be found guilty the Defendant must intend that the use of force or threat to use force overcome resistance to the taking of property and that the Defendant must have the intent to exercise unauthorized control over the victim's property at the time he uses force or threatens to use force.

■ In the circumstances of this case, where there was a paucity of evidence indicating that the Defendant had the intent to commit theft at the time he used force on the victim, it was of paramount importance that the presiding justice make clear to the jury that the Defendant must have had the intent to exercise unauthorized control over the victim's property at the time he used force or threatened the victim with the use of force. The Defendant is entitled to have every element of the crime separately explained to the jury. *State v. Earley,* 454 A.2d 341, 343 (Me.1983). The failure to instruct the jury on the essential elements of the offense charged may affect the Defendant's substantial rights under M.R. Crim.P. 52(b). *State v. Earley,* 454 A.2d at 343; *State v. Pratt,* 309 A.2d 864, 867 (Me. 1973).

Although the jury must be instructed in language that will be understood readily by laymen, *see State v. Daley,* 440 A.2d at

---

1. 17–A M.R.S.A. § 651 (1983) provides in pertinent part:
   1. A person is guilty of robbery if he commits or attempts to commit theft and at the time of his actions:
      . . . .
   B. He threatens to use force against any person present with the intent
      . . . .
   (2) to compel the person in control of the property to give it up or to engage in other conduct which aids in the taking or carrying away of the property;
      . . . .
   Section 353 of the Criminal Code provides:
   1. A person is guilty of theft if he obtains or exercises unauthorized control over the property of another with intent to deprive him thereof.

2. The last word in this portion of the instruction undoubtedly should be "property" instead of "robbery." It is of little assistance to the jury to define the term "robbery" by reference to that same term. We conclude that this defect, in combination with other deficiencies in the instructions, affected the Defendant's substantial rights.

3. 17–A M.R.S.A. § 35(1)(A) (1983) states that "[a] person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result."

1055–56, the justice must not, in his attempt to simplify the charge to the jury, omit elements of an offense.[4] Here the justice made no discernible effort to ensure that this jury understood each and every element of the crime of robbery, with which the Defendant was charged.

Furthermore, in concluding his explanation of the burden of proof, he instructed the jury:

The presumption of innocence stays with the Defendant right into the jury room until you are convinced the State has met its burden of proofing [sic] the Defendant guilty beyond a reasonable doubt. If the State does not meet that burden, then the still existing presumption of innocence requires that you return a verdict of *guilty.*

(Emphasis added). Although we recognize the possibility that some defects in jury instructions may be caused by errors in transcription, the Defendant is entitled to appellate review based on the record as it actually appears before the reviewing court. *See State v. Earley,* 454 A.2d at 344; *State v. Powell,* 452 A.2d 977, 978 n. 1 (Me.1982); *State v. Wheeler,* 444 A.2d 430, 432 (Me. 1982).[5]

In stating that the jury must find the Defendant guilty if they found that the State had *not* met its burden of proof, the presiding justice stated the exact opposite of the correct rule of law. If the justice inadvertently misspoke in using the word "guilty," coming as it did at the very end of the instructions pertaining to the burden of proof, this error may well have seriously confused the jury.

■ Isolated shortcomings in jury instructions are not necessarily fatal to a verdict, especially when the instructions were not objected to at trial, and hence are reviewed for obvious error. *See State v. Daley,* 440 A.2d at 1056.

■ In each case, however, the charge must be reviewed as a whole, taking into consideration the total effect created by all the instructions and the potential for juror misunderstanding. *See State v. Daley,* 440 A.2d at 1056; *State v. Poulin,* 268 A.2d 475, 480 (Me.1970).

Here the instructions failed to adequately inform the jury of the elements of the offense of robbery and, perhaps accidentally, misinformed the jury regarding the State's burden of proof.

The instructions to the jury were so fraught with potential to confuse the jury, that the deficiencies constitute reversible error under M.R.Crim.P. 52(b). The judgment must be vacated.

It becomes unnecessary to address the other issues raised by the Defendant.

The entry will be:

Appeal sustained.

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**4.** Section 32 of the Criminal Code states:

No person may be convicted of a crime unless each element of the crime is proved beyond a reasonable doubt. "Element of the crime" means the forbidden conduct; the attendant circumstances specified in the definition of the crime; the intention, knowledge, recklessness or negligence as may be required; and any required result.

17–A M.R.S.A. § 32 (1983).

**5.** It is the duty of the parties to review the record presented on appeal and to seek correction of that record under M.R.Crim.P. 39 if it contains errors. *See State v. Powell,* 452 A.2d at 978 n. 1. In a criminal case such as this it is inexcusable for counsel to have failed to bring so critical a defect in the jury instructions to the Court's attention or, if the error was one of transcription, to have failed to seek correction of the record being brought up on appeal.