STATE of Maine

v.

Leona GEISINGER.

Supreme Judicial Court of Maine.

Argued June 4, 1984.

Decided Aug. 16, 1984.

Paul Aranson, Dist. Atty., Laurence Gardner, Asst. Dist. Atty., Ann Jordan, Law Student Intern (orally), Portland, for plaintiff.

Greenberg & Greenberg, Stanley Greenberg (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Leona Geisinger [1] appeals from her conviction in District Court (Portland) of theft by receiving, 17–A M.R.S.A. § 359(1), Class E. On appeal to the Superior Court, as well as before us, she claims that the District Court erred by taking judicial notice of the value of a stolen watch and by failing to preserve the watch, in specie, for appellate review. She also argues that the

---

1. The complaint identifies Leona (Leah) Geisinger as the defendant. The bail bond is signed Leah Geisinger Dorney. Both the District Court and the Superior Court docket identify the defendant as Linda (Leah) Geisinger. The trial transcript reveals that at the trial of Leona Geisinger, Leona Geisinger Dorney was called as a witness and testified under oath that her correct name is Leah Dorney.

evidence was insufficient to support her conviction. We affirm the judgment.

Sometime between July 18 and July 20, 1982, a wrist watch was stolen. On July 20, Geisinger sold the stolen watch to Janet Seavey who testified that Geisinger "wanted $10.00 for it." Geisinger denied that she had sold Seavey a watch. The trial judge believed Seavey and, based in part upon the nature of the watch, found that the sale price was indicative that Geisinger knew that it was stolen.

Geisinger argues that the District Court improperly took judicial notice of the *value* of the stolen watch, citing *State v. Powell*, 452 A.2d 977 (Me.1982). In *Powell*, discussing the absence of evidence of the market value of a damaged police cruiser, we said that "[t]he exact value of property ... is not subject to judicial notice...." The prosecution counters by claiming that it was necessary to prove only that the watch had "some value" because the complaint alleged a Class E theft. The state relies upon *State v. Gerrish*, 78 Me. 20, 2 A. 129 (1885), for the proposition that "the fact of value" need not "be established by any separate proof."

 Both arguments miss the mark. On the one hand, there is no question but that the evidence of "some value" is sufficient. On the other hand, there is no suggestion on this record that the District Court took judicial notice of value. The District Court made no reference to "judicial notice" as such, nor did it afford the defendant an opportunity to be heard as required by M.R.Evid. 201(e). Furthermore, the comment of the trial judge was based not only upon an inspection of the watch but also upon a witness's opinion that it was "a rather valuable watch." Upon this record we reject the defendant's claim that the court took judicial notice of value.

 Geisinger's appeal raises the further question whether the evidence sufficiently supported the court's finding that she knew the watch was stolen. Resolution of that question did not require, as the defendant contends, a finding of *actual* value. Evidence that the watch appeared to be valuable coupled with Geisinger's possession of the watch within two days of its theft and her sale of the watch for ten dollars is sufficient to support a finding of knowledge. The court's inspection of the watch itself may support a conclusion that the watch *appeared* to be worth substantially more than ten dollars. The *Gerrish* court described the concept as "res ipsa loquitur." Professor Wigmore called it "autoptic proference." 4 J. Wigmore, *Evidence* §§ 1150–1169 (1972). Under either label the level of proof herein was sufficient.

 Finally, we discern no prejudice to Geisinger by the State's failure to produce the watch. She does not contend that the court erred in judging its appearance. She argues only that its appearance as an "expensive watch" would make it more likely that the District Court judicially noticed its value. Geisinger fails to recognize the difference between judicially noticing the actual value of the watch, prohibited by *Powell*, and the factfinder's recognition upon inspection of the watch that it would appear to the defendant to be valuable.

The entry is:

Judgment affirmed.

All concurring.