STATE of Maine

v.

Ricky A. DANA, Sr.

Supreme Judicial Court of Maine.

Argued Sept. 16, 1986.

Decided Nov. 12, 1986.

Michael E. Povich, Dist. Atty., Jane M. Eaton, Asst. Dist. Atty. (orally), Machias, for plaintiff.

Libhart & Ferm, William N. Ferm (orally), Ellsworth, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

Ricky A. Dana, Sr., appeals from a judgment of the Superior Court, Washington County, entered on a jury verdict of guilty of Count I, passing or attempting to pass a roadblock, 29 M.R.S.A. § 2501–A(4) (Supp. 1985), and Count II, attempting to elude a law enforcement officer, 29 M.R.S.A. § 2501–A(3) (Supp.1985). He contends it was obvious error for the trial court to fail to instruct that intent is an essential element of both offenses, and that the evidence is insufficient to support the jury's verdict. For reasons hereinafter set forth we vacate the judgment as to Count I and affirm the judgment as to Count II.

Officer Phillip Stanley of the Pleasant Point Police Department testified that he twice tried to stop Dana's car by blocking its path with a marked police car and activating flashing blue lights. Each time, Dana drove around the police car and away

at a high speed. By radio, Officer Stanley contacted State Trooper Dale Earle, who took up the chase using the blue lights of the police vehicle. Trooper Earle encountered Dana twice, but both times Dana accelerated away at speeds that Earle could not match, despite driving over 100 miles an hour at one point. A few minutes after losing sight of Dana, Officer Stanley and Trooper Earle found Dana's car in a carport on Pleasant Point.

Dana first contends it was obvious error for the trial court to instruct the jury in the language of the statute without instructing that intent was a required element of both counts. Because no objection to the instructions was raised at trial, we review on the obvious error standard of M.R.Crim.P. 52(b). *See also* M.R.Crim.P. 30(b).

■ The first question is whether intent is an element of the crimes charged. Some culpable mental state is an essential requirement for any crime, unless a contrary legislative intent plainly appears. *State v. Davis*, 398 A.2d 1218, 1219 (Me.1979). We have described this requirement as a "fundamental principle of our Criminal Code." *State v. Lagasse*, 410 A.2d 537, 540 (Me. 1980). Title 17–A M.R.S.A. § 34(1) (1983) provides that "[a] person is not guilty of a crime unless he acted intentionally, knowingly, recklessly or negligently, as the law defining the crime specifies, with respect to each other element of the crime, except as

provided in subsection 5...." Subsection 5 provides:

If a statute defining a crime does not expressly prescribe a culpable mental state with respect to some or all of the elements of the crime, a culpable mental state is nevertheless required, pursuant to subsections 1, 2 and 3, unless:

A. The statute expressly provides that a person may be guilty of a crime without a culpable state of mind as to those elements; or

B. A legislative intent to impose liability without a culpable state of mind as to those elements otherwise appears.

17–A M.R.S.A. § 34(5) (1983). Title 17–A M.R.S.A. § 6 (1983) provides that the requirement of section 34 applies to crimes outside the Criminal Code "unless the context of the statute defining the crime clearly requires otherwise."

■ 29 M.R.S.A. § 2501–A (Supp.1985) does not expressly include or exclude a culpable mental state requirement.[1] The language and context of the statute negate any inference that the legislature intended to hold motorists strictly liable for the acts described in the statute. Subsection (2) proscribes failing or refusing to stop at the request of a law enforcement officer. Subsection (3) proscribes attempting to elude a law enforcement officer. Subsection (4) proscribes passing or attempting to pass a roadblock.

---

1. 29 M.R.S.A. § 2501–A provides:

   1. **Definitions.** For the purposes of this section, the term "signal" may include the use of a hand signal, siren or flashing emergency lights, and the term "roadblock" means a physical barrier, a vehicular or other obstruction placed upon a way at the direction of a law enforcement officer.

   2. **Failure to stop.** It is unlawful for the operator of any motor vehicle to fail or refuse to stop that vehicle upon request or signal of any uniformed law enforcement officer. Failure to comply with this subsection is a Class E crime.

   3. **Eluding an officer.** Whoever, after being requested or signaled to stop, attempts to elude a law enforcement officer by driving a vehicle at a reckless rate of speed which results in a high-speed chase between the opera-

tor's vehicle and any law enforcement vehicle using a blue light or siren is guilty of a Class D crime. If any person suffers any serious bodily injury, as defined in Title 17–A, section 2, subsection 23, as a result of the operator's attempt to elude a law enforcement officer as described in this section, that operator commits a Class C crime.

   4. **Passing a roadblock.** It is unlawful for the operator of any motor vehicle to pass or attempt to pass a roadblock, clearly identifiable as a police roadblock, without authorization. Failure to comply with this subsection is a Class C crime. If any person suffers serious bodily injury, as defined in Title 17–A, section 2, subsection 23, as a result of an operator's passing or attempting to pass a roadblock in violation of this subsection, that operator commits a Class B crime.

A statute must be construed as a whole to give effect to the intent of the legislature. The words "refuse" and "attempt" by their common definitions describe intentional acts. We conclude that the legislature by penalizing refusing to stop, attempting to elude, and passing or *attempting* to pass a roadblock intended to punish persons who act with a certain mental state. This conclusion is reinforced by our recognition that penal statutes must be strictly construed, *State v. Lane*, 495 A.2d 773, 776 (Me.1985). Neither of the exceptions to 17–A M.R.S.A. § 34(5) applies to 29 M.R.S.A. § 2501–A. Accordingly, we hold that a culpable state of mind is an essential element of both the crimes with which Dana was charged.

■ We review the instructions of the trial court to determine whether the court failed to instruct on the requisite culpable mental state and, if so, whether this failure deprived Dana of a fair trial. *State v. Pierce*, 438 A.2d 247, 252 (Me.1981). None of the instructions on Count I informed the jury that intentional or knowing action was an essential element of the offense of passing a roadblock, nor was intent defined in relation to the offense of an attempt to pass a roadblock. *See State v. Earley*, 454 A.2d 341, 343 (Me.1983); 17–A M.R.S.A. § 152(1). The failure to instruct the jury properly as to what elements were essential to the offense charged denied Dana the right to have the jury test the evidence to determine if each element had been established beyond a reasonable doubt. This failure deprived Dana of a fair trial and constituted obvious error. Accordingly, we vacate the judgment as to Count I. *State v. Earley*, 454 A.2d at 343; *State v. Pratt*, 309 A.2d 864 (Me.1973). M.R.Crim.P. 52(b).

■ We hold, however, that Dana was not denied a fair trial by the court's instructions on Count II. The language of section 2501–A(3) prohibits only the attempt to elude a law enforcement officer. The common sense meaning of the word "attempt" as used in this section would adequately convey to a jury the requirement that the proscribed conduct be intentional. Accordingly, we find no obvious error in the court's use of the statutory language to instruct the jury as to the necessary elements of the offense charged in Count II. *See State v. Winchenbach*, 501 A.2d 1282, 1286 (Me.1985); *State v. Merrifield*, 478 A.2d 1131, 1133 (Me.1984).

Dana additionally contends that the evidence is insufficient to support a finding of a violation of 29 M.R.S.A. § 2501–A(3) or (4). Our review of the record discloses that the jury rationally could find beyond a reasonable doubt all the essential elements of the offenses charged. *State v. Barry*, 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment as to Count I vacated; remanded for further proceedings consistent with the opinion herein. Judgment as to Count II affirmed.

All concurring.