STATE of Maine

v.

Michael WITHAM.

Supreme Judicial Court of Maine.

Argued June 8, 1988.

Decided July 27, 1988.

R. Christopher Almy, Dist. Atty., and Philip C. Worden, (orally), Asst. Dist. Atty., Dover–Foxcroft, for plaintiff.

Charles Hodsdon, II, (orally), Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

Michael Witham appeals from a judgment of the Superior Court, Piscataquis County, entered on the jury's verdict convicting him of two counts of illegal possession of a firearm by a felon, 15 M.R.S.A. § 393 (1980 & Supp.1987) and five counts of receiving stolen property, 17–A M.R.S.A. § 359 (1983). Witham challenges the sufficiency of the evidence to support the verdict with respect to one of the firearms counts, and each of the receiving charges. Our review of the record discloses sufficient evidence for the jury to have convicted Witham on the challenged count of the possession of a firearm by a felon and four of the five counts charging Witham with receiving stolen property. We affirm the judgment entered on those counts. With respect to the remaining count of receiving stolen property, the State failed to introduce sufficient evidence from which the jury rationally could have found beyond a reasonable doubt that Witham had the requisite mental intent to have committed the offense. Accordingly, we vacate the judgment as to that count.

Pursuant to an investigation of the burglarizing of several camps in the Schoodic Lake area, Officer Larry Bickford of the Piscataquis County Sheriff's Department obtained a warrant to search Witham's home in Milo. Witham was at home when officers of the Brownville and Milo police departments arrived to execute the warrant. The police seized the following items from Witham's house: a Pioneer stereo system, binoculars, a color television and a radio/cassette player. In addition, the police confiscated a Sears portable generator and a John Deere battery charger from Witham's camper, which Witham had given the police permission to search. One day after the search, Witham brought an Aladdin kerosene heater and a black and white television to the sheriff's department.

Because Witham had previously been convicted of a felony, the police also seized a number of firearms from the house. Officer Bickford testified that several rifles were found in each of two locked gun cabinets, a high-powered rifle and three chipmunk rifles were leaning against the outside of one of the cabinets, and a pistol lay on top of the other cabinet. The police seized and inventoried a total of approximately 15 firearms.

After a jury trial, Witham was convicted of two counts of the illegal possession of a firearm (Counts I, II) and five counts of receiving stolen property (Counts III–VII). Witham has conceded that the evidence is sufficient to support his conviction for the possession of a firearm as alleged in Count I. He challenges the sufficiency of the evidence with respect to Count II and the five counts charging the receiving of stolen property.

We first address the sufficiency of the evidence with respect to Count II, possession of a firearm by a felon on or about March 11, 1987, the day the police searched Witham's residence. To find a violation of section 393, the jury must find, beyond a reasonable doubt, that a person previously convicted of a crime punishable by one year or more of imprisonment owned, possessed or controlled a firearm, without a permit to do so. *State v. Gilbert*, 473 A.2d 1273, 1276 (Me.1984); 15 M.R.S.A. § 393(1) (1980). The defendant's possession must be "conscious and knowing." *State v. Myrick*, 436 A.2d 379, 382 (Me.1981); *see also State v. Flaherty*, 400 A.2d 363, 366–67 (Me.1979); 17–A M.R.S.A. § 31(3) (1983).[1]

[1]. Section 31(3) provides, "Possession is voluntary conduct only if the possessor knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." A firearm is "any weapon, whether loaded or unloaded, which is designed to expel a projectile by the action of an explosive and

■ Witham contends that he did not possess or control the guns locked inside the cabinets and that he was unaware of the pistol on top of one cabinet. Even if we accept these arguments, the record discloses sufficient evidence from which the jury rationally could have found that Witham knowingly had access to or control over the rifles leaning against one of the gun cabinets. Officer Bickford testified that four rifles were outside the cabinet when the police arrived. He identified the rifle depicted in the photograph introduced into evidence by the State as one of those firearms. Although Witham's brother testified that the rifles were not outside the cabinet, based on Bickford's testimony, the jury rationally could have found, beyond a reasonable doubt, every element of the offense of the possession of a firearm by a felon. *State v. Greene,* 512 A.2d 330, 332 (Me.1986) (credibility of witnesses for jury); *State v. Barry,* 495 A.2d 825, 826 (Me. 1985).

We next address Witham's contention that the evidence is insufficient to sustain his conviction for receiving stolen property. To obtain a conviction, the State had to prove beyond a reasonable doubt that Witham "1) received, retained or disposed of property of another; 2) knowing or believing that the property was stolen; 3) with the intent to deprive the owner thereof." *State v. Currier,* 521 A.2d 295, 299 (Me. 1987) (citations omitted). To establish that Witham had the requisite intent, the State must show that Witham "was aware of circumstances that would cause him to entertain the subjective belief that the property was stolen." *Id.; see also State v. Beale,* 299 A.2d 921, 925 (Me.1973) (construing 17 M.R.S.A. § 3551 (repealed)).

Witham asserts that two of the State's witnesses failed to positively identify their belongings, and consequently there was insufficient proof that the black and white television (Count IV) and the Sears generator (Count VI) were in fact stolen. In addition, Witham contends that the State

failed to prove that he had a subjective belief that any of the items recovered from his house and camper were stolen.

The record discloses that the burglary victims' identification of their property was sufficient to allow the jury to conclude, beyond a reasonable doubt, that the television and generator were stolen property. In addition, the evidence introduced on Counts III through V supports the finding that Witham believed the items to be stolen. Counts III through V allege receipt of the stolen Aladdin heater, color television and radio/cassette player (Count III); black and white television (Count IV); and the Pioneer stereo system and binoculars (Count V). The jury heard evidence that these items were stolen from three camps in the Schoodic Lake area; that the thefts occurred in March 1987; that the same persons committed the thefts; and that all of the items were sold to Witham for $25 by the persons who committed the thefts. All of the items were recovered from Witham's house.

■ Before purchasing the items, Witham asked if they were stolen. The thieves explained the $25 price tag for the obviously valuable appliances by telling Witham that one of the men needed the money because he was AWOL from an army base. Based on this evidence, the jury could rationally have concluded that Witham "was aware of circumstances that would cause him to entertain the subjective belief that the property was stolen." *State v. Currier,* 521 A.2d at 299; *see also State v. Smith,* 400 A.2d 749, 755–56 (Me.1979) (construing 17 M.R.S.A. § 3551 (repealed)).

■ Although the generator (Count VI) and the battery charger (Count VII) were not among the items sold to Witham for $25 and were not taken from the Schoodic Lake camps, we hold there was sufficient evidence for the jury rationally to have found beyond a reasonable doubt the necessary elements of the charge as it related to

includes any such weapon commonly referred to as a pistol, revolver, rifle, gun, machine gun or shotgun. Any weapon which can be made into a firearm by the insertion of a firing pin, or

other similar thing, or by repair, is a firearm." 17–A M.R.S.A. § 2(12–A) (Supp.1987); 15 M.R.S. A. § 393(7) (1980) (firearm defined by reference to 17–A M.R.S.A. § 2(12–A)).

the battery charger. The jury heard testimony by Kevin Pearl, a former neighbor living approximately a mile from Witham, that he "trusted Witham," that he had stolen the battery charger "because he needed the money," but had not informed Witham of the theft when he asked Witham if he could leave it in Witham's garage for a "day or so" because "I [Pearl] was not going home right then." One month later the battery charger was found in Witham's camper when the police searched the camper with Witham's permission. Based on this evidence, the jury could rationally find that Witham knew or believed the item was stolen.

■ The record, however, disclosed no evidence from which the jury could have concluded that Witham knew or believed the generator (Count VI) was stolen. Standing alone, the fact that the generator was found in Witham's possession is insufficient to support an inference that Witham knew or believed the item to be stolen.[2] *State v. Currier*, 521 A.2d at 299 n. 4 (discovery of stolen diamond on defendant insufficient to sustain conviction for receiving stolen property when State presented no evidence concerning identity of alleged thief or defendant's connection to the thief); cf. *State v. Geisinger*, 479 A.2d 1315, 1316 (Me.1984) (permissible to infer knowledge from defendant's possession *and* sale for ten dollars of obviously valuable watch within two days of theft).

Here, the State presented no evidence concerning the identity of the alleged thief or Witham's connection to the thief. The State having failed to introduce evidence that Witham knew or was aware of circumstances that would cause him to entertain the subjective belief that the property was stolen, the jury could not rationally have found beyond a reasonable doubt this essential element of theft by receiving. Accordingly, we vacate that portion of the judgment of conviction entered on Count VI.

The entry is:

Judgment as to Counts I–V and VII affirmed.

Judgment as to Count VI vacated; remanded to the Superior Court for entry of judgment for Michael Witham on Count VI.

All concur.

2. Because Witham did not testify, there is no direct evidence as to his state of mind. The generator was seized by the police from Witham's camper at the same time the police seized the battery charger.