**STATE of Maine**

v.

**Jeffrey SPRAGUE.**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1992.
Decided Dec. 22, 1992.

Stephanie Anderson, Dist. Atty., Jane Elizabeth Lee (orally), Asst. Dist. Atty., Portland, for plaintiff.

Neale A. Duffett (orally), Cloutier, Barrett, Cloutier & Conley, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

Jeffrey Sprague appeals from the judgment entered in the Superior Court (Cumberland County, *Brodrick, J.*) on a jury verdict finding him guilty of aggravated assault in violation of 17–A M.R.S.A. § 208 (1983).[1] Initially, we find that the evidence, viewed in the light most favorable to the State, would rationally support the conclusion that Sprague is guilty beyond a reasonable doubt of the crime of aggravated assault. We hold, however, and the State concedes, that because the court's instructions to the jury did not ensure its consideration of all the relevant defenses available to him, Sprague was denied a fair trial. Accordingly, we vacate the judgment.

The jury heard the following evidence: The charges against Sprague arose from a fist fight between Sprague and the victim at Sprague's home, resulting in the victim's lung being punctured by a knife that was never found. There was conflicting testimony concerning whether the victim was a trespasser in Sprague's home and whether he had been requested by Sprague to leave and refused to do so. There was also a conflict in the testimony about whether the altercation between Sprague and the victim resulted from the victim striking Sprague's 14–year–old brother in the head with a metal chair and then threatening to strike Sprague with the chair or whether Sprague had been the aggressor. Sprague based his entire defense on self-defense, and it is uncontroverted that the issue of self-defense was generated by the evidence.

Without an objection by Sprague or a request for such an instruction, the court did not instruct the jury pursuant to 17–A M.R.S.A. § 108(2)(B) (1983), which provides:

2. A person is justified in using deadly force upon another person:

. . . .

B. When he reasonably believes:

(1) That such other person has entered or is attempting to enter a dwelling place or has surreptitiously remained within a dwelling place without a license or privilege to do so; and

(2) That deadly force is necessary to prevent the infliction of bodily injury by such other person upon himself or a 3rd person present in the dwelling place.

Sprague now contends that the failure of the court to instruct the jury about the self-defense option available under this subsection was obvious error. He argues that section 108(2)(B) makes clear that a defendant need not make a demand that the victim leave the premises as a prerequisite to the use of deadly force. *See* M.R.Crim.P. 52(b) (obvious errors or defects affecting substantial rights may be noticed although not brought to attention of court). In *State v. Smith,* 472 A.2d 948, 950–51 (Me.1984), our discussion of each of the several formulations of obvious error in the context of unobjected to jury instructions focused on the prejudice or injustice to the accused and his inability to obtain a fair trial. After reviewing the instructions in their entirety in this case, we conclude that the trial court's omission was obvious error affecting a substantial right. In light of the evidence before the jury, we cannot say that "beyond a reasonable doubt . . . the jury would not have resolved the issue differently had they been properly instructed." *State v. Powell,* 452 A.2d 977, 978–79 (Me.1982).

The entry is:

. . . .

1. 17–A M.R.S.A. § 208 provides in pertinent part that

1. A person is guilty of aggravated assault if he . . . recklessly causes:

B. Bodily injury to another with use of a dangerous weapon;

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.