ANDREW SAWTELLE *& al. versus* WILLIAM WARDWELL.

The surname of the attorney written on the back of a writ is an indorsement of it, under R. S., c. 81, § 9.

ON EXCEPTIONS.

ASSUMPSIT upon two promissory notes given by the defendant, a resident of Oxford, in this county, to the plaintiffs, residents of Boston, Mass. The writ was drawn by Josiah

H. Drummond, a counsellor of this Court, residing in Portland. On the back of the writ were the words:—"From the office of Drummond;" the first four words being printed, and the word Drummond having been written by the said J. H. Drummond, prior to the entry of the writ.

On the second day of the return term, the defendant's counsel appeared and filed a written motion to abate the writ, alleging, for a cause, that the writ was not indorsed. The presiding Judge sustained the motion and dismissed the action, ruling that the writ was not indorsed; whereupon the plaintiffs alleged exceptions.

*J. H. Drummond*, in support of the exceptions.

*J. J. Perry, contra*, cited, Stat. of 1821, c. 59, § 8 ; R. S., c. 81, § 9; *Hartwell* v. *Hemingway*, 7 Pick., 117 ; *Clark* v. *Paine*, 11 Pick., 66 ; *Stratton* v. *Foster*, 11 Maine, 467 ; *Strout* v. *Bradbury*, 5 Maine, 313.

DANFORTH, J.—The only question raised in this case, is as to the sufficiency of the indorsement of the writ, and it is admitted that it is properly indorsed as required by law in all respects, except as to the signature used. In this respect the surname only is put upon the back of the writ, while it is contended that there should be both surname and christian name. The early provincial statute provided, that the surname should be sufficient. Subsequently it was changed and the christian name was also required. Still later, another change was made and the statute adopted as it now stands, simply requiring, in certain cases, an indorsement, making no provision as to the mode in which it should be made. R. S., c. 81, § 9.

The object of the statute is to afford a security to the defendant for his costs, in case the suit should fail. The indorsement, then, is simply a contract by which the indorser becomes liable to the defendant for such costs, and is to be construed by the same rules as are applicable to other contracts. In the absence of all statute provisions regulating the form of signature, it is left to the general principles of

the common law. By these rules, "a person may become bound by any mark or designation he thinks proper to adopt, provided it is used as a substitute for his name, and he intends to bind himself." *Brown* v. *Butchers' Bank*, 6 Hill, 443. In *Cooper* v. *Bailey*, 52 Maine, 230, it was held that, an indorsement of a note "with the surname of the payee must be deemed valid." If such a signature would bind the indorser of a note, we see no reason why it should not be equally valid upon a writ.

*Exceptions sustained.*

*Defendant to answer over.*

APPLETON, C. J., CUTTING, WALTON and BARROWS, JJ., concurred.

KENT, J., dissenting. — If the doctrines of the common law in relation to signatures on contracts are to be applied in this case, the argument of Mr. Drummond is conclusive. But I do not think that the law, in relation to the indorsement of a writ, ever intended to make any name, mark or initials, or nick-name, or assumed designation, which might hold a party on a note or contract, a sufficient indorsement. The statute of 1821 required that the christian and surname should be indorsed. The change of phraseology was not intended to change the rule so that any mark should be sufficient. As I understand the requirement of the statute, it is that some sufficient inhabitant of the State shall so place his name on the writ, that the other party, in case of avoidance, or inability of the plaintiff to pay the judgment for costs, may have an action and sustain it without being compelled to seek extraneous proof to show what person was intended by the indorsement. He is not to be put to the trouble or expense of hunting up proof to show who indorsed the writ. The indorsement in this respect should itself identify the person. A man indorses the name of "Smith" on the back of a writ. Must the defendant go about to find out which of that multitudinous family in fact put their name there.

Sawtelle *v.* Wardwell.

It may be entirely just and right to hold a man who puts any initial or abbreviation, or nick-name on his contract, where the question is between him and another party. If a party accepts a contract thus signed, he knows it at the time, and he accepts it, *cum onere* of proving who did it. But in case of an indorsement of a writ, the defendant is no party to the transaction, — has no power to reject it as imperfect or insufficient. He can only object after entry, and it is a statute requirement to make the writ perfect. Would it be sufficient for a clerk to sign a writ "Fessenden." No one would pretend that official acts of any kind can properly be signed by the surname only, — as selectmen or commissioners.

It seems to me plain, that when the statute requires that a person should indorse a legal process to make it valid, he must so indorse it that the other party may have the benefit of it without being obliged to run the risk of being able to prove facts *aliunde*, to fix the liability on a particular person because he has not so identified himself by his indorsement.

The suggestion, that the plaintiff will lose his debt if the ruling is sustained, if true, cannot control the law. But see § 102, c. 81, which saves his right to commence anew in cases there named.

The xviii rule of construction, c. 1, R. S., gives this as a rule regulating signatures, when required by law, — "when the signature of any person is required, he must write it or make his mark." Here it was required by statute that he should put his signature on the writ. Can it mean anything less than his christian and surname.

DICKERSON and TAPLEY, JJ., concurred.