## STATE of Maine

### v.

### James SIEGFRIED, Faron Logenbach, and Paul Meader.

Supreme Judicial Court of Maine.

Argued May 10, 1983.

Decided June 10, 1983.

Gene Libby, Dist. Atty., Michael E. Saucier, Asst. Dist. Atty. (orally), Alfred, for plaintiff.

Jeffco, May & Smart, David Smart (orally), Stephen T. Jeffco, Portsmouth, N.H., for defendants.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and WATHEN, JJ.

ROBERTS, Justice.

Following a joint jury trial in the Superior Court, York County, the three defendants appeal their convictions. James Siegfried appeals from his convictions for assault, class D, 17–A M.R.S.A. § 207 (1983), gross sexual misconduct, class A, 17–A M.R.S.A. § 253(1)(A) (1983), and rape, class A,

17–A M.R.S.A. § 252(1)(B) (1983). Faron Logenbach appeals from a similar conviction for rape and Paul Meader appeals from a similar conviction for gross sexual misconduct. The appellants claim the Superior Court erred in its ruling with respect to a discovery violation by the prosecution and in limiting the scope of cross-examination of the prosecutrix. The appellants also complain of insufficiency of the evidence. We affirm the judgments of conviction.

 Prior to trial the State had voluntarily furnished witness statements to defense counsel. During the trial and after the prosecutrix finished testifying, the State produced a statement the prosecutrix had handwritten for the Kittery police. We need not consider the State's claim that the statement contained no exculpatory material and was, therefore, not·automatically discoverable under M.R.Crim.P. 16(a). There was a discovery violation in any event because defense counsel could reasonably expect that the prosecution's voluntary disclosure was a complete disclosure of witness statements. The mistrial that the defendants demanded, however, was not the only appropriate remedy for the violation. *State v. Barden,* 432 A.2d 404, 411 (Me.), *cert. denied,* 454 U.S. 1088, 102 S.Ct. 648, 70 L.Ed.2d 624 (1981). We hold that in these circumstances, the trial court's offer to recall the witness for further cross-examination would have afforded adequate relief.

The prosecutrix had previously lived with a now deceased member of the motorcycle gang known as the "Iron Horsemen" to which the defendants belong. She testified that during 1979 she had engaged in consensual sexual intercourse, once with Siegfried and "a few times with" Meader. She denied any prior relations with Logenbach, who comes from Indiana. Prior to the trial, however, she had admitted engaging in consensual sexual relations with a man from Indiana whose name she had forgotten, but who she claimed was not Logenbach. During cross-examination of the prosecutrix, the court refused to permit inquiry about the episode with the man from Indiana. The ruling was well within the discretion afforded by M.R.Evid. 403.

Within the continuum of relevancy, the relevancy of the evidence excluded approached zero. *See State v. Kotsimpulos,* 411 A.2d 79 (Me.1980).

Appellants' third issue requires little comment. The prosecutrix described an episode of physical and sexual violence which she testified Siegfried had labeled "training." We have repeatedly held that the testimony of a rape victim need not be corroborated. *State v. True,* 438 A.2d 460, 471 (Me.1981). We do not hesitate to hold again that the jury did not act irrationally in accepting that testimony as proof beyond a reasonable doubt despite evidence of prior consensual relations.

The State's handling of the appeal requires some additional comment. In the Superior Court the State had sought, but failed to obtain, an order to supplement the record. Nevertheless, documents attached to that motion were added to the State's brief including a report of a polygraph examination which was irrelevant to any issue raised at trial or on appeal. We do not condone such tactics and will not lightly accept any repetition. *See State v. Earley,* 454 A.2d 341, 344 n. 8 (Me.1983).

The entry is:

Judgments affirmed.

All concurring.