## J.F. SINGLETON CO.
### v.
### Gerald RUSH.

Supreme Judicial Court of Maine.

Argued March 23, 1983.

Decided Aug. 1, 1983.

Rudman & Winchell, Edith A. Richardson (orally), Paul L. Rudman, Paul H. Sighinolfi, Bangor, for plaintiff.

Archer & Perry, Mark A. Perry (orally), Brewer, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER*, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

This appeal presents several issues arising from the breach of a contract for the exclusive right to sell a parcel of commercial real estate.

The Defendant, Gerald Rush, owned a building located at 510 Broadway, Bangor, which he hoped to sell. On January 6, 1981, he entered a six-month, exclusive right-to-sell contract with the Plaintiff, J.F. Singleton Co., a Bangor realtor. By July 7, 1981,

* Carter, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

the expiration date of this contract, the property remained unsold.

Two months later the Defendant again listed his property with the Plaintiff. Instead of drafting an entirely new document, the parties used the same form on which their prior contract had been drafted. They crossed out the old dates, inserted new dates and each initialed the upper-right-hand corner of the form. The new contract specified a one-year term, commencing on September 10, 1981.

On December 4, 1981, almost three months into the term of the second contract, the Defendant sold his property to another party. The Defendant, however, did not pay the Plaintiff the ten percent commission specified in the right-to-sell contract.

The Plaintiff brought suit in Superior Court, Penobscot County, and after a jury trial succeeded in recovering a judgment of $9,240. The Defendant appeals. We affirm the judgment of the Superior Court.

█ The Defendant first argues that by using the expired listing form in drafting their new agreement, the parties did not execute a new contract as required under 32 M.R.S.A. § 4004. This argument is without merit.

Section 4004 provides:

All exclusive right-to-sell contracts, exclusive agency contracts and any nonexclusive contract for a residence with 3 or fewer living units made by a real estate broker or salesman to list real estate for sale shall be in writing and shall contain a specific expiration date. *If the parties to the contract desire to continue the contract, a new contract must be executed.*

32 M.R.S.A. § 4004 (Supp. 1982–83) (emphasis added). The contract executed by the parties on September 10, 1981, is no less a contract merely because it was drafted on a form used once before. As executed, the new contract contains all necessary contractual elements and satisfies the requirements of section 4004.[1]

█ Next, the Defendant contends that the Superior Court erred at trial when it excluded as irrelevant certain listing agreements he had entered into at an earlier time. Apart from stating that he had "some old listing agreements which all are for six months or less," the Defendant made no offer of proof. The date of these agreements and the broker involved are not part of the record before us.[2] The Defendant's failure to make an offer of proof leaves us with no basis for concluding that the Superior Court abused its discretion in ruling as it did. *See Pratt v. Freese's, Inc.,* 438 A.2d 901, 905 (Me.1981); *Gaynor v. McEachern,* 437 A.2d 867, 870 (Me.1981); Field & Murray, *Maine Evidence* § 103.4 at 9 (1976).

The Defendant's remaining arguments on appeal are completely without merit and require no discussion.

The entry is:

Appeal denied.

Judgment affirmed.

---

1. The use of initials, rather than the full signatures of the parties, poses no problem. A party can bind himself by any mark or designation he substitutes for his name. *Sawtelle v. Wardwell,* 56 Me. 146, 148 (1868). *See generally* Annot. 72 A.L.R.2d 1267 (1960).

2. Although the forms are not part of the record the Defendant included copies of these agreements in an appendix to his brief. Such *sua sponte* efforts to supplement the record will not be tolerated. *See State v. Siegfried,* 460 A.2d 1382 at 1383 (Me.1983); *State v. Earley,* 454 A.2d 341, 344 n. 8 (Me.1983).