STATE of Maine

v.

William WHITTEN.

Supreme Judicial Court of Maine.

Argued Sept. 18, 1985.

Decided Oct. 18, 1985.

Evid. 201(b).

Gene Libby, Dist. Atty., David D. Gregory (orally), Alfred, for plaintiff.

Alan E. Shepard (orally), Kennebunkport, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant William Whitten appeals his convictions for rape, gross sexual misconduct, and sexual abuse of a minor, entered in the Superior Court (York County) after a jury-waived trial. On appeal defendant claims that the Superior Court erred in failing to dismiss the charges as a sanction for a purported discovery violation. Alternatively, defendant asserts that he was deprived of his right to a fair trial by the State's failure to provide adequate discovery. We find no discovery violation nor any deprivation of rights. We deny the appeal.

I.

Defendant was indicted on multiple counts of rape and gross sexual misconduct.[1] At time of arraignment, the State voluntarily provided discovery to defendant that included transcripts of police interviews with the two teen-aged victims and a police report summarizing those interviews. In both interviews the witnesses described sexual intercourse or oral sex in words of common usage. In both instances, however, later questions and answers could be read as describing only an act of sexual contact; namely, a touching of the penis. The police report summarized the inter-

views as involving incidents of sexual contact.

On the morning of trial, defense counsel interviewed the complaining witnesses who informed him that they would testify respectively to having had intercourse and oral sex with defendant Whitten. At the beginning of trial, defense counsel moved for dismissal of the charges against defendant on the basis of a discovery violation. The Superior Court denied defendant's motion to dismiss and the ruling is now challenged on appeal.

II.

It is undisputed that in pre-trial interviews with the prosecutor, the witnesses confirmed the acts of sexual intercourse and oral sex. Defendant argues that the State violated M.R.Crim.P. 16(c) by failing to provide him with notice of the additional oral statements. Defendant correctly notes that if Rule 16(c) material is voluntarily given to the defense, a continuing duty to disclose similar material arises even in the absence of a Court order. *State v. Siegfried*, 460 A.2d 1382, 1383 (Me.1983). Defendant's argument is flawed, however, due to the fact that Rule 16(c)(1)(B) applies only to written or recorded statements of witnesses. Oral statements of witnesses do not fall within the duty to disclose. We have previously rejected the argument that Rule 16(c) subjects "the prosecution to the onerous burden of a continuing responsibility to disclose oral statements of witnesses that happen to come forth in the course of witness interviews and preparation sessions." *State v. Eldridge*, 412 A.2d 62, 67 (Me.1980). The record in this case fails to demonstrate a violation of Rule 16(c).

III.

Finally, defendant contends that the non-disclosure of the oral statements deprived him of a fair trial. The statements in this case were inculpatory, rather than exculpatory, and do not fall within the am-

---

1. The charge for sexual abuse of a minor was added by information prior to trial.

bit of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). *See State v. Eldridge,* 412 A.2d 62, 68 (Me.1980). Defendant is left with an argument that the prosecutor's non-disclosure amounted to conduct contrary to fundamental notions of fair play and that defendant was thereby deprived of a fair trial. Such a claim was not presented to the Superior Court. We review on the basis of manifest error and, finding none, we deny the appeal.

The entry is:

Judgments of conviction affirmed.

All concurring.