**STATE of Maine**

v.

**Curtis LANE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 20, 1989.
Decided Oct. 24, 1989.

David W. Crook, Dist. Atty., Pamela J. Ames, Asst. Dist. Atty., Augusta, for plaintiff.

David C. Durham, Eaton, Peabody, Bradford & Veague, P.A., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY, and COLLINS, JJ.

GLASSMAN, Justice.

Curtis Lane appeals from the judgments of the Superior Court (Kennebec County, *Alexander, J.*) entered on the jury verdicts finding him guilty of rape, 17–A M.R.S.A. § 252 (Supp.1988), gross sexual misconduct, 17–A M.R.S.A. § 253 (Supp.1988), and unlawful sexual contact, 17–A M.R.S.A. § 255 (Supp.1988). Lane argues that because the State did not give him proper notice of a prosecution medical expert the failure of the trial court to exclude the testimony of this expert denied Lane a fair trial. We find no error in the record and affirm the judgments.

The record discloses the following: Pursuant to M.R.Crim.P. 16(b)(2)(B) & (C),[1] Lane received a list of the expert witnesses intended to be called by the State at the trial of this case, together with a description of their testimony. Included in this list was the name of Craig Lenz, the physician who performed the initial physical examination of the alleged victim. Between the first and second days of Lane's trial, the State obtained the services of another medical expert, Joseph Ricci, and immediately notified defense counsel of the State's intention to call this additional witness to testify.

Before the continuation of the trial on the second morning, defense counsel interviewed Dr. Ricci for an unspecified period of time. Over Lane's objection that he had not received notice of Dr. Ricci's appearance as an expert witness for the State and the admission of his testimony would deny Lane "due process in this case," the trial court allowed Dr. Ricci to testify. No request for a continuance of the trial was made by Lane, *see* M.R.Crim.P. 16(d), nor did he object to the content of Dr. Ricci's testimony.

M.R.Crim.P. 16(b)(4)[2] mandates a continuing duty by the State to disclose all

---

1. M.R.Crim.P. 16 provides in pertinent part:

   **(b) Discovery Upon Request.**
   (1) Duty of the Attorney for the State. Upon the defendant's written request, the attorney for the state, except as provided in subdivision (3), shall allow access at any reasonable time to those matters specified in subdivision (2) which are within the attorney for the state's possession or control. . . .
   (2) Scope of Discovery. The following matters are discoverable:
   
   . . . .

   (B) Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
   (C) The names and addresses of the expert witnesses whom the state intends to call in any proceeding.

2. M.R.Crim.P. 16(b)(4) provides:
   (4) Continuing Duty to Disclose. If matter which would have been furnished to the defendant under this subsection comes within

matters of a type previously discovered by a defendant under this subdivision of the rule. The record reveals that the State did not seek the services of Dr. Ricci until sometime during the evening between the first and second days of trial. The record also reflects that the State immediately notified defense counsel of this new witness. Lane has made no allegation that prior to the trial of this case the State knew that it would call Dr. Ricci. On this record, it cannot be said the State did not fulfill its duty of continuing disclosure under Rule 16. *See State v. Whitten,* 499 A.2d 161, 162 (Me.1985); *State v. Siegfried,* 460 A.2d 1382, 1383 (Me.1983).

We find no merit in Lane's contention that he was unfairly prejudiced by an inadequate opportunity to obtain evidence refuting Dr. Ricci's testimony. The record clearly reflects that defense counsel interviewed Dr. Ricci before he testified and made no request for a continuance either for preparing cross-examination or for securing rebuttal testimony. Accordingly, we find that the trial court properly admitted the testimony of Dr. Ricci.

The entry is:

Judgments affirmed.

All concurring.

William S. Silsby, Jr., Silsby & Silsby, Ellsworth, for plaintiff.

Steven J. Mogul, Gross, Minsky, Mogul & Singal, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY, and COLLINS, JJ.

the attorney for the state's possession or control after the defendant has had access to

similar matter, the attorney for the state shall promptly so inform the defendant.