**STATE of Maine**

v.

**Richard CAMERON.**

Supreme Judicial Court of Maine.

Argued Jan. 10, 1983.

Decided Feb. 15, 1983.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Logan, Kurr, Hamilton & Robinson, Harold C. Hamilton (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Defendant, Richard Cameron, appeals his conviction of one count of perjury, 17–A M.R.S.A. § 451, following a jury-waived trial in Superior Court, Penobscot County. He asserts that the indictment was defective, and he further argues there was insufficient evidence to support a conviction.

We affirm the judgment below.

The testimony at trial revealed that the Defendant and his brother, Darrell Cameron, were the occupants of an automobile involved in a one-car accident on Route I–95 in Township 2, Range 9, on May 15, 1981. The brother was thereafter charged with operating at the time under the influence of intoxicating liquor.

On July 21, 1981, at the brother's trial in District Court, Lincoln, the Defendant testified under oath that he, and not his brother, was the operator of the automobile involved in the accident. The State thereupon dismissed the charge against Darrell Cameron.

On August 4, 1981, a Penobscot County grand jury indicted Richard Cameron for perjury. The indictment charged:

That on or about the 21st day of July, 1981, in the County of Penobscot, State of Maine, RICHARD CAMERON did, in an official proceeding, to wit, the criminal trial of State of Maine vs. Darrell Cameron for operating a motor vehicle while under the influence of intoxicating liquor, said trial occurring in the Maine District Court at Lincoln, make a false material statement under oath or affirmation, swear or affirm the truth of a material statement previously made, and RICHARD CAMERON did not believe the statement to be true, to wit, when generally asked who was driving the vehicle at the time of the accident, the said RICHARD CAMERON replied "I was", the

State at the time was attempting to prove that Darrell Cameron was operating said motor vehicle prior to said accident the said RICHARD CAMERON being a passenger in said vehicle.

In advance of trial the Defendant moved to dismiss the indictment; his motion was denied after hearing. On June 10, 1982, the Defendant was convicted of perjury.

■ The Defendant first challenges the Superior Court's denial of his motion to dismiss the indictment, arguing that the indictment was defective because it failed to apprise him of the nature of the charge against him and because it failed to allege the materiality of the false statement. With respect to the sufficiency of the indictment for purposes of notice,

a charging instrument passes constitutional scrutiny if it contains such plain, concise, and definite allegations of the essential facts constituting the offense as shall adequately apprise a defendant of reasonable and normal intelligence of the act charged, enabling him to defend himself . . . .

State v. Carter, 444 A.2d 37, 39 (Me.1982). Accord State v. Allison, 427 A.2d 471, 473 (Me.1981); State v. O'Clair, 292 A.2d 186, 190 (Me.1972).

■ While the indictment at issue here may have had both stylistic and grammatical shortcomings, it did communicate the facts of the offense with which Richard Cameron was charged. Interpreting the indictment in a "common-sense manner," we conclude that it is adequate. State v. Carter, 444 A.2d at 39.[1]

■ We likewise conclude that this indictment is sufficient in its allegation of the materiality of the false statement. A material statement is one "capable of affecting the course or outcome of the proceeding." 17–A M.R.S.A. § 451(5)(B) (1982). A general allegation of materiality is sufficient in

1. We find no merit in the Defendant's suggestion that the indictment is defective for speaking of operation of the motor vehicle "prior to," as opposed to "at the time of," the accident. This is but semantic subterfuge.

**10**

an indictment for perjury so long as "the possibility of materiality" is apparent from the face of that indictment. *State v. Papalos,* 150 Me. 46, 55, 103 A.2d 511, 515 (1954). In general terms the present indictment alleges materiality; furthermore, the "possibility" of materiality requirement is clearly satisfied by the allegation that the Defendant's brother was being tried for operating a motor vehicle while under the influence read together with the allegation that the Defendant testified under oath at trial that he, and not his brother, was the operator of the vehicle.

■ Last, the Defendant claims that the evidence at trial was insufficient to support his conviction. He asserts that the evidence at trial was insufficient to establish beyond a reasonable doubt that his statement in District Court was false and material. Both falsity and materiality are, to be sure, elements of the crime of perjury, each of which must be proved beyond a reasonable doubt [2]; nevertheless, a careful review of the record fails to convince us that a rational trier of fact would be unable to find beyond a reasonable doubt that this Defendant's testimony under oath in District Court was both false and material.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

**2.** *See State v. Lunney,* 400 A.2d 759, 763 (Me. 1979).