STATE of Maine

v.

Philip G. SMITH.

Supreme Judicial Court of Maine.

Argued Nov. 18, 1983

Decided March 6, 1984.

Janet T. Mills, Dist. Atty., J. Scott Davis (orally), Deputy Dist. Atty., South Paris, for plaintiff.

Becker & Hawkins, Peter J. Becker (orally), Bridgton, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

After a jury trial in Superior Court (Oxford County) in April, 1983,[1] the defendant, Philip Smith, was found guilty of Class D assault in violation of 17–A M.R.S.A. § 207 (1983).[2] Smith appeals from the judgment of conviction, assigning as error the admission into evidence at trial of four photographs of the victim, Stephen Chandler, taken after a fight between Chandler and Smith, and the trial justice's instruction to the jury on the issue of self-defense. We affirm the judgment.

## I. Photographs of Victim

The jury could reasonably have found that on November 14, 1980, an incident occurred at Gould Academy in Bethel, Maine, which resulted in a fight between the defendant, Philip Smith, and a security guard, James Haskell, and a teacher, Stephen Chandler. During the course of the fight, Chandler received several injuries about the face. At his trial for assault, Smith admitted striking Chandler approximately four times, but asserted his actions were taken in self-defense. Over defense counsel's objection, the trial justice admitted into evidence four photographs of Chandler depicting his facial injuries. Although conceding the prejudicial effect of the photographs, the trial justice stated that the primary issue in the case, the reasonableness of the force the defendant used in self-defense, substantially enhanced the probative value of the photographs.

The defendant contends the trial justice should have excluded from evidence the photographs depicting Chandler's injuries. The defendant argues that the prejudicial and inflammatory effect of the photographs substantially outweighed their probative value. We disagree.

M.R.Evid. 403 (1983) provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The determination of whether the probative value of a photograph is substantially outweighed by one or several of the above factors is a matter within the sound discretion of the trial court, and will not be

1. The complaint, transferred from District Court to Superior Court, charged the defendant with "recklessly caus[ing] offensive physical contact or bodily injury to STEPHEN CHANDLER."

2. Smith was initially tried and convicted in January 1982. That judgment, however, was vacated and a new trial ordered. *State v. Smith,* 456 A.2d 16 (1983). The grounds for vacating the original judgment are unrelated to the current assignments of error.

disturbed on appeal absent an abuse of discretion. *State v. Condon,* 468 A.2d 1348, 1350–51 (Me.1983); *State v. Crocker,* 435 A.2d 58, 76 (Me.1981).

■■■ Admission of the photographs in the instant case did not constitute an abuse of discretion. When self-defense is claimed, the reasonableness of the force applied is placed in issue. An individual is allowed to use only as much force as reasonably appeared necessary to repel an attack. *State v. Lumbert,* 152 Me. 131, 136, 124 A.2d 746, 749 (1956); *see* 17–A M.R.S.A. § 108 (1983). The photographs of Chandler demonstrated the number and force of the blows Smith struck, which in turn tended to establish the unreasonableness of the force used. Additionally, the photographs rebutted Smith's testimony that only four blows had been struck. In these circumstances, the probative value of the photographs was not substantially outweighed by their prejudicial effect. The trial justice did not abuse his discretion by admitting the photographs into evidence. *Cf. Condon,* 468 A.2d at 1350–51.

## II. *Jury Instructions*

■■■ The defendant next contends that the trial court erred when instructing the jury on the issue of self-defense. The defendant argues that by twice using the phrase "honest belief" rather than "reasonable belief" to describe the defendant's state of mind in relation to the necessity of the use of force to defend himself, the trial justice improperly invited the jury to determine the propriety of the defendant's actions on a subjective rather than objective basis, and to speculate as to the defendant's honesty.

17–A M.R.S.A. § 108(1) (1983) states in pertinent part:

> A person is justified in using a reasonable degree of nondeadly force upon an other person in order to defend himself . . . from what *he reasonably believes* to be the imminent use of unlawful, nondeadly force by such other person, and he may use a degree of such force which *he reasonably believes* to be necessary for such purpose.

(emphasis added). The clear import of this provision is the actor must actually believe unlawful force is imminently going to be used against him, and the degree of counterforce applied is necessary to repel the aggression. This is a subjective state of mind. The actual belief must then be tested against an objective standard of "reasonableness." Whether the subjective state of mind is framed in terms of an actual or honest belief is immaterial. The difference is entirely one of semantics.[3] The defendant's argument is therefore without merit.

Additionally, at oral argument, the issue arose for the first time whether at the close of the instructions the presiding justice misstated the law of self-defense by stating:

> The State has the burden but the State need not eliminate all of the elements of self-defense beyond a reasonable doubt. The State need only eliminate one or more of them in order to overcome the defense of self-defense or the justification defense.

■■■ Generally, an objection to an action of the presiding justice made for the first time on appeal comes too late. *State v. Langley,* 242 A.2d 688, 690 (Me.1968). An exception is made, however, for "obvious errors or defects affecting substantial rights." M.R.Crim.P. 52(b). This Court has used various verbal formulations to explain what constitutes obvious error—e.g., "error . . . so highly prejudicial and so taint[ing of] the proceeding as virtually to deprive the aggrieved party of a fair trial," *State v. Langley,* 242 A.2d at 690; "seriously prejudicial error tending to produce manifest

---

**3.** Webster's *Third New International Dictionary* 22, 1086 (1971) defines "actual" as some-

thing that exists in fact, and "honest" as something of unquestioned authenticity.

injustice," *State v. Baker,* 409 A.2d 216, 219 (Me.1979); and "injustice done to the defendant ... so great the Law Court cannot in good conscience let the conviction stand," *State v. True,* 438 A.2d 460, 469 (Me.1981). Regardless of how obvious error is defined, when reading the instructions in the instant case in their entirety, as we must, *see State v. Sapiel,* 432 A.2d 1262, 1270 (Me.1981); *State v. Foster,* 405 A.2d 726, 730 (Me.1979), we find no such error.

■ Once sufficient evidence is produced to generate the self-defense issue, the state has the burden to negate the existence of self-defense beyond a reasonable doubt. 17–A M.R.S.A. § 101(1) (1983); *see State v. O'Brien,* 434 A.2d 9, 13 (Me.1981); *State v. Lagasse,* 410 A.2d 537, 542 (Me.1980). 17–A M.R.S.A. §§ 101[4] and 108[5] address the circumstances in which an individual is justified in using nondeadly force in self-defense. A person may never use force when he has provoked another to use unlawful, nondeadly force against him, or when he was the initial aggressor.[6] When not the provoker or aggressor, an individual may use nondeadly force against another only if a number of prerequisites are met. First, the individual must actually believe unlawful force is imminently going to be used against him. Second, the actual belief must be objectively reasonable, that is, one which a reasonable and prudent person would have in the same situation. Third, the individual must actually believe the degree of force employed in self-defense is necessary to repel the aggression or threat thereof. Last, the belief in the necessity of the force used to repel must be objectively reasonable. 17–A M.R.S.A. § 108(1); *see State v. Benson,* 155 Me. 115, 119, 151 A.2d 266, 268 (1959). Even though a factfinder might determine it objectively unreasonable for a defendant to believe that unlawful force is imminently threatened, or that the degree of counterforce applied is necessary, self-defense is not negated. Pursuant to 17–A M.R.S.A. § 101(3),[7] the state, when prosecuting a defendant for a crime such as assault for which recklessness suffices, must further prove beyond a reasonable doubt that either belief is reckless, *i.e.,* a gross deviation from what the reasonable and prudent person would believe. *See generally* 17–A M.R.S.A. § 35(3)(C) (1983) (defining term "recklessly").

■ Prior to the presiding justice's statement to the jury that "the State need not eliminate all of the elements of self-defense beyond a reasonable doubt," the court had

---

**4.** 17–A M.R.S.A. § 101(3) (1983) provides in pertinent part:

> If a defense provided under this chapter is precluded solely because the requirement that the actor's belief be reasonable has not been met, he may be convicted only of a crime for which recklessness ... suffices, depending on whether his holding the belief was reckless. ...

**5.** 17–A M.R.S.A. § 108 (1983) provides in pertinent part:

> § 108. Physical force in defense of a person
>   1. A person is justified in using a reasonable degree of nondeadly force upon another person in order to defend himself ... from what he reasonably believes to be the imminent use of unlawful, nondeadly force by such other person, and he may use a degree of such force which he reasonably believes to be necessary for such purpose. However, such force is not justifiable if:

> A. With a purpose to cause physical harm to another person, he provoked the use of unlawful, nondeadly force by such other person; or
> B. He was the initial aggressor, unless after such aggression he withdraws from the encounter and effectively communicates to such other person his intent to do so, but the latter notwithstanding continues the use or threat of unlawful, nondeadly force; or
> C. The force involved was the product of a combat by agreement not authorized by law.

**6.** An individual may use a reasonable degree of force in self-defense, despite being the initial aggressor, if, after withdrawing from the encounter and effectively communicating such withdrawal to the other person, the other person continues to use or threaten imminent, unlawful force. 17–A M.R.S.A. § 108(1)(b).

**7.** *See supra* note 4 (reproducing § 101(3)).

detailed the alternatives available to the State for disproving a self-defense justification by leading the jury through the step-by-step analysis it needed to make of the self-defense issue. The reference to "elements" cannot be now isolated from the entire instructions to the jury, but must take its meaning from the entire self-defense charge. When so read, the natural reference is to the succession of alternatives open to the State for negating self-defense as previously explained by the court. Reading the instructions in their entirety, we hold that the error, if any, did not rise to the level of being "obvious." Accordingly, the defendant's appeal is denied.

The entry is:

Judgment affirmed.

All concurring.