STATE of Maine

v.

Donald J. ROWELL.

Supreme Judicial Court of Maine.

Argued Jan. 16, 1985.

Decided Feb. 6, 1985.

 

Margaret Kravchuk, Dist. Atty., Gary F. Thorne (orally), Ann M. Murray, Asst. Dist. Attys., Bangor, for plaintiff.

Edward C. Russell (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and SCOLNIK, JJ.

## MEMORANDUM OF DECISION.

The Defendant, Donald J. Rowell, appeals from his conviction of operating a motor vehicle while his license was under suspension, 29 M.R.S.A. § 2184 (Supp. 1984–1985), following a jury trial in Superior Court, Penobscot County. The Defendant challenges the sufficiency of evidence to support a finding that notice of suspension had been mailed to him and also argues that: (1) the complaint suffered from a jurisdictional defect; (2) the jury instructions were improper; and (3) the arresting officer's testimony concerning information that led him to focus on the Defendant's vehicle should have been excluded as being hearsay or highly prejudicial. We find no error.

First, upon reviewing the evidence in a light most favorable to the State, we conclude that from the documents in evidence the fact finders could rationally have found beyond a reasonable doubt that the Defendant was mailed the required notice of suspension in a timely manner. 29 M.R.S.A. § 58 (Supp.1984–1985).

Further, we conclude that the complaint sufficiently alleged the essential facts of the offense charged and, thus, bore no jurisdictional defect. *State v. Cameron*, 456 A.2d 8, 9 (Me.1983). Third, there was no obvious error in the jury instructions that could have conceivably affected the Defendant's substantial rights. *State v. Smith*, 472 A.2d 948, 950 (Me. 1984). Finally, we conclude there is no

merit in the Defendant's claim that the officer's statement, "I was informed that the driver might possibly be under suspension," should have been excluded.

The entry is:

Judgment affirmed.

All concurring.