**STATE of Maine,**

v.

**Arnold DAVIS.**

Supreme Judicial Court of Maine.

Argued June 4, 1987.

Decided July 31, 1987.

James E. Tierney, Atty. Gen., Charles K. Leadbetter (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Sandra Hylander Collier (orally), Silsby & Silsby, Ellsworth, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS,* GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

Arnold Davis appeals from a judgment entered on a jury verdict in the Superior Court, Washington County, convicting him of assault, 17–A M.R.S.A. § 207 (1983) (Class D). Davis contends that the court committed obvious error in failing to instruct the jury under 17–A M.R.S.A. § 101(3) (1983) and the defenses under 17–A M.R.S.A. §§ 102, 104 and 105 (1983) (public duty, use of force in defense of premises and use of force in property offenses). He further contends that the evidence was insufficient to support his conviction. Because we conclude that the court's failure to instruct the jury on section 101(3) constituted obvious error, we vacate the judgment of conviction.

The evidence showed that the defendant, a Commissioner of Washington County, assaulted Harold Prescott, the Sheriff of Washington County, on September 17, 1985, at the office of the Washington County Treasurer in Machias. The Treasurer, Sally C. Smith, had died the previous day after an extended illness. Smith's daughter, Susan Mills, and three others entered the Treasurer's office on September 17th in order to remove her mother's personal effects, after first having obtained permission to enter the office from another Washington County Commissioner. Mills, who had assisted her mother in carrying out her duties during her illness, had also requested that Sheriff Prescott witness the inventory and removal of Smith's personal property from the office.

The Washington County district attorney had earlier advised the defendant that the Treasurer's office should be "sealed" upon the Treasurer's death, that is, that no persons should be permitted to enter that office except the county commissioners and any persons to whom they had expressly given their permission. The defendant became concerned upon seeing Mills and the others in the Treasurer's office and unsuccessfully attempted to intervene. The defendant never informed Mills that the office was to have been sealed.

Upon Sheriff Prescott's arrival at the Treasurer's office, the defendant became agitated, especially upon seeing Mills and the others near the county safe, which was open. There was also testimony to the effect that there had been preexisting hostilities between Sheriff Prescott and the defendant. The defendant again attempted to intervene. Sheriff Prescott considered that the defendant's behavior was confrontational and was impeding the orderly arrangement and disposition of the late Treasurer's affairs. The defendant viewed the presence of Sheriff Prescott and the others in the Treasurer's office as unauthorized. The defendant refused to comply with Sheriff Prescott's requests to compose himself and to leave the office. Sheriff Prescott then took the defendant by the arm and began to escort him from the office. The defendant turned and struck Sheriff Prescott in the jaw with his fist.

The defendant was subsequently tried for assault. In particular, he was charged with "intentionally, knowingly or *reckless-ly* caus[ing] bodily injury or offensive physical contact to Harold Prescott" (emphasis added). At trial, the trial justice instructed the jury on self-defense but not on sections

---

* Roberts, J., sat at oral argument and participated in the initial conference, but participated no further.

101(3), 102, 104 or 105 of Title 17–A. The jury returned a verdict of guilty.

The defense failed to object to the jury instructions at trial pursuant to M.R. Crim.P. 30(b). The defense raised sections 102, 104 and 105 for the first time in the defendant's brief before this court. The issue of section 101(3) was raised for the first time by the State in its responsive appellate brief, and asserted by the defense only at oral argument before this court. Because these issues were not raised at trial, we review the defendant's contentions for obvious error affecting substantial rights under M.R.Crim.P. 52(b).

In *State v. Smith*, 472 A.2d 948 (Me. 1984), we discussed the several formulations of the obvious error standard in the context of jury instructions not objected to at trial:

> "[E]rror ... so highly prejudicial and so taint[ing of] the proceeding as virtually to deprive the aggrieved party of a fair trial," *State v. Langley*, 242 A.2d [688] at 690; "seriously prejudicial error tending to produce manifest injustice," *State v. Baker*, 409 A.2d 216, 219 (Me.1979); and "injustice done to the defendant ... so great the Law Court cannot in good conscience let the conviction stand," *State v. True*, 438 A.2d 460, 469 (Me.1981).

*Id.* at 950–51; *see also* 2 Cluchey & Seitzinger, *Maine Criminal Practice* § 52.4 (1986). Each of these formulations of the obvious error standard focuses on the prejudice or injustice to the accused and his ability to obtain a fair trial. After viewing the instructions in their entirety, we conclude that the presiding justice's failure to charge the jury on section 101(3) was so prejudicial as to produce manifest injustice, thereby depriving the defendant of a fair trial.

I.

The defendant contends that although the presiding justice adequately instructed the jury on the issue of self-defense under 17–A M.R.S.A. § 108(1) (1983),[1] his failure to instruct the jury pursuant to 17–A M.R.S.A. § 101(3) (1983)[2] constituted reversible error. The second sentence of section 101(3) provides:

> If a defense provided under this chapter is precluded solely because the requirement that the actor's belief be reasonable has not been met, he may be convicted only of a crime for which recklessness or criminal negligence suffices, depending on whether his holding the belief was reckless or criminally negligent.

■ If the defendant's honest but objectively unreasonable belief is found to be recklessly held, section 101(3) will have no impact on the assault charge, since recklessness is one of the alternative culpable mental states of that offense under section 207. If, on the other hand, the State fails to prove that the defendant's honestly held but objectively unreasonable belief is reckless, if the jury finds that it rises only to the level of criminal negligence, his conduct will have been justified under sections 108 and 101(3) and he will be acquitted, since criminal negligence is not an element of that offense.[3]

---

1. Section 108(1) provides in pertinent part:

    1. A person is justified in using a reasonable degree of nondeadly force upon another person in order to defend himself or a 3rd person from what he reasonably believes to be the imminent use of unlawful, nondeadly force by such other person, and he may use a degree of such force which he reasonably believes to be necessary for such purpose. However, such force is not justifiable if:
    A. With a purpose to cause physical harm to another person, he provoked the use of unlawful, nondeadly force by such other person; or
    B. He was the initial aggressor, unless after such aggression he withdraws from the encounter and effectively communicates to such other person his intent to do so, but the latter notwithstanding continues the use or threat of unlawful, nondeadly force...

2. In *State v. Grant*, 418 A.2d 154, 156–57 (Me. 1980), we referred to the defense under section 101(3) as "imperfect self-defense." However, the commonly accepted usage of that term varies substantially from the section 101(3) defense. *See generally* W. LaFave and A. Scott, *Handbook on Criminal Law* § 53 at 397, § 77 at 583–84 (1972).

3. 17–A M.R.S.A. § 207(1) (1983) ("Assault") provides:

    A person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another.

We agree with the defendant's assertion that having been charged with assault, for which a reckless state of mind suffices, an instruction under section 101(3) is essential to his receiving a fair trial. As we stated in *State v. Smith:*

> Even though a factfinder might determine it objectively unreasonable for a defendant to believe that unlawful force is imminently threatened, or that the degree of counterforce applied is necessary, self-defense is not negated. Pursuant to 17–A M.R.S.A. § 101(3), the state, when prosecuting a defendant for a crime such as assault for which recklessness suffices, must further prove beyond a reasonable doubt that either belief is reckless, *i.e.,* a gross deviation from what the reasonable and prudent person would believe. *See generally* 17–A M.R.S.A. § 35(3)(C) (1983) (defining term "recklessly").

*Id.,* 472 A.2d at 951 (footnote omitted).[4]

Although the defendant is not entitled to a jury instruction on self-defense if there is insufficient evidence in the record to generate the issue, *State v. O'Brien,* 434 A.2d 9, 13 (Me.1981), once the issue is generated in the record, an instruction under section 108 must be given, and, where self-defense is an issue essential to the defendant's case, a failure to so instruct amounts to obvious error because the instructions are "crucial to defendant's receiving a fair trial." *State v. Daley,* 440 A.2d 1053, 1055 (Me.1982).

Likewise, where the issue of self-defense is generated in the evidence and the crime charged is one for which a reckless or criminally negligent state of mind is sufficient, a defendant is entitled to an instruction under section 101(3). Where the issue of self-defense is central to the defendant's case, as it was here, where the defendant admitted the assault and based his entire case at trial on justification, the failure to instruct on section 101(3) amounts to obvious error affecting substantial rights, since it is a defect or omission in the instructions "so misleading to the jury" that the defendant is denied a fair trial. 2 Cluchey & Seitzinger, *Maine Criminal Practice* § 52.4 at 52–10 (1986); *see also State v. Earley,* 454 A.2d 341, 343–44 (Me.1983).

## II.

Because the issues may come before the trial court in a new trial, we address the other contentions of defendant in the interest of judicial economy. *State v. Walker,* 512 A.2d 354, 356–57 (Me.1986). Those two remaining allegations of reversible error are without merit. We conclude that the evidence at trial was insufficient to generate the defenses under 17–A M.R.S.A. §§ 102, 104 and 105 (1983). Certainly the failure of the trial court to instruct on those defenses was not obvious error affecting substantial rights. We also conclude that there was sufficient evidence to support the jury's conviction. Viewing the evidence in the light most favorable to the prosecution, any trier of fact could have found beyond a reasonable doubt every element of the offense charged. *See State v. Barry,* 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment of conviction vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**4.** 17–A M.R.S.A. § 35(3) (1983) ("Recklessly") provides:

> A. A person acts recklessly with respect to a result of his conduct when he consciously disregards a risk that his conduct will cause such a result.
> B. A person acts recklessly with respect to attendant circumstances when he consciously disregards a risk that such circumstances exist.
> C. For purposes of this subsection, the disregard of the risk, when viewed in light of the nature and purpose of the person's conduct and the circumstances known to him, must involve a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation.