STATE of Maine

v.

Scott ILSLEY.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 22, 1992.

Decided Feb. 19, 1992.

Janet T. Mills, Dist. Atty., Joseph M. O'Connor, Asst. Dist. Atty., South Paris, for plaintiff.

William Maselli, Andover, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Scott Ilsley appeals the judgment of the Superior Court (Oxford County, *Brodrick, J.*) affirming the sentences imposed by the District Court (South Paris, *Gorman, J.*) pursuant to his convictions for violation of a protective order (Class D), 5 M.R.S.A. § 4659 (1989), and violation of condition of release (Class E), 15 M.R.S.A. § 1092 (Supp.1991). Ilsley contends that because the sentences were imposed by a judge other than the one who accepted his guilty pleas they are invalid. He further challenges the validity of the sentences on the ground that the District Court did not meet the requirements of 17–A M.R.S.A. § 1151 (1983 & Supp.1991) and of 17–A M.R.S.A. § 1256(2) (1983 & Supp.1991). Because the maximum sentence that can be imposed for conviction of a Class E offense is six months, we modify that sentence and, as modified, affirm the judgment of the Superior Court.[1]

Ilsley has been obsessed with Kimberly Poland since he saw a newspaper photograph of her taken at the time she won the Miss Oxford County Fair pageant in 1984. Except for brief periods of incarceration, he has persistently harassed Kimberly and members of her family with unsolicited and unwanted letters, phone calls, and gifts. At times his communications have contained threats against Kimberly and her father. Before the incident that led to this prosecution, Ilsley was convicted in the Superior Court on a similar charge of violating a protection order obtained by the Polands. While on release and awaiting sentencing in that case, Ilsley committed the violations at issue here.

On October 15, 1990, Ilsley entered an open plea[2] of guilty to the instant charges in the District Court (*Sheldon, J.*) and at the request of Ilsley sentencing was continued to October 29, 1990. On October 29, 1990, Ilsley, without objection, appeared for sentencing before the District Court (*Gorman, J.*), who in the course of the sentencing procedure received extensive information concerning the circumstances of the charged offenses, the pleas, the effect of Ilsley's charged conduct on the victims, and the prospects of Ilsley's rehabilitation. The State recommended imposition of a maximum sentence consecutive to that previously imposed by the Superior Court. Concurrent sentences of 364 days in the county jail were imposed on each of the charges to be served consecutively to that sentence previously imposed on Ilsley in the Superior Court. On appeal, the Superior Court affirmed the sentences imposed by the District Court, and this appeal followed.

Ilsley first contends that because the sentences were imposed by a judge other than the one who accepted his pleas of guilty the sentences should be vacated. When the actions of a presiding judge are objected to for the first time on appeal, review is an exception to the general rule and is available only for obvious errors or defects affecting substantial rights. *State v. Smith,* 472 A.2d 948, 950 (Me.1984); M.R.Crim.P. 52(b); M.R.Evid. 103(d). Such review is to be exercised with caution. *State v. Ronan,* 551 A.2d 1362, 1364 (Me. 1988). We will vacate a sentence only if the alleged impropriety is obvious and worked a manifest injustice on the defendant. *See State v. Tomah,* 586 A.2d 1267, 1269 (Me.1991); *State v. True,* 438 A.2d 460, 467 (Me.1981).

---

1. As recognized in the State's brief on appeal, the District Court imposed a sentence of 364 days for the Class E offense. 17–A M.R.S.A. § 1252(2)(E) limits the sentence for the conviction of a Class E offense to a maximum of six months.

2. The entry of an "open plea" by a defendant advises the court that no proposed disposition of the case has been reached between the State and the defendant for the court's consideration.

Absent one of the reasons enumerated in M.R.Crim.P. 25[3] or the retendering and acceptance of a plea before the sentencing judge, the preferable practice is that the judge initially accepting a plea impose the sentence. *See* ABA Standards Relating to Sentencing Alternatives and Procedures (1979) ("If guilt was determined by plea, it is still desirable that the same judge who accepted the plea impose the sentence."). Here, Ilsley made no objection when the judge before whom he found himself for sentencing was not the judge who had accepted his pleas. The sentencing judge was fully informed of the facts concerning the pleas and the charged offenses before imposing the sentences. Accordingly, the sentencing proceeding did not rise to the level of working a manifest injustice on Ilsley. *See State v. True*, 438 A.2d at 467.

We find no merit in Ilsley's contention that the sentences were illegal because the District Court imposed the sentences without consideration of the enumerated principles set forth in 17–A M.R.S.A. § 1151 (1983 & Supp.1991). We have previously stated that "while the prac-tice of articulating the purposes for imposing a particular sentence is to be encouraged, the failure of the trial court to observe the practice does not render the sentence imposed illegal." *State v. Allison*, 427 A.2d 471, 475 (Me.1981). Nor does M.R.Crim.P. 32[4] require that the sentencing court reveal its reasons for imposition when, as here, the sentences imposed were less than one year.

Finally, we find no merit in Ilsley's contention that the District Court's stated reason does not satisfy the requirements for imposing consecutive sentences pursuant to 17–A M.R.S.A. § 1256(2).[5] We review a decision to impose consecutive sentences for an abuse of discretion; however, the discretion can be exercised only if one of the factors listed in section 1256(2) is present. *State v. Michaud*, 590 A.2d 538, 543 n. 12 (Me.1991). "The court's determination as to the presence of those factors is reviewed for clear error." *Id.* The sentencing court was advised that Ilsley committed the instant offenses arising from different criminal episodes while released and awaiting sentence on a charge

---

**3.** M.R.Crim.P. 25 provides:

If by reason of death, resignation, removal, sickness or other disability, a justice or judge before whom a defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt any other justice or judge assigned thereto by the Chief Justice of the Superior Court or the Chief Judge of the District Court may perform those duties; but if such other justice or judge is satisfied that he or she cannot perform those duties because the justice or judge did not preside at the trial or for any other reason, the justice or judge may in the exercise of discretion grant a new trial.

**4.** M.R.Crim.P. 32(a)(3) provides:

If the court imposes a sentence of one year or more, it shall set forth on the record the reasons for the sentence. This requirement shall also apply in cases in which there has been a plea agreement. *In a case in which there is a sentence of less than one year's imprisonment, the court may set forth on the record its reasons for the sentence.* Noncompliance with this requirement shall not affect the legality of the sentence; however, it may affect appellate review by the Law Court. (Emphasis added).

**5.** 17–A M.R.S.A. § 1256(2) states:

2. In all other cases, the court shall state in the sentence of imprisonment whether a sentence shall be served *concurrently* with or consecutively to any other sentence previously imposed or to another sentence imposed on the same date. The sentences shall be concurrent unless, in considering the following factors, the court decides to impose sentences consecutively:

A. That the convictions are for offenses based on different conduct or arising from different criminal episodes;

B. That the defendant was under a previously imposed suspended or unsuspended sentence and was on probation, under incarceration or on a release program at the time the person committed a subsequent offense;

C. That the defendant had been released on bail when that person committed a subsequent offense, either pending trial of a previously committed offense or pending the appeal of previous conviction; or

D. That the seriousness of the criminal conduct involved in either a single criminal episode or in multiple criminal episodes or the seriousness of the criminal record of the convicted person, or both, require a sentence of imprisonment in excess of the maximum available for the most serious offense.

17–A M.R.S.A. § 1256(2) (1983 & Supp.1991).

in the Superior Court. *See* 17–A M.R.S.A. § 1256(2)(A) and (C). The District Court's stated reason for imposing consecutive sentences, fairly read, expresses concern about the seriousness of Ilsley's conduct and of its effect on the Poland family during a six-year course of multiple criminal episodes by Ilsley, and complies with section 1256(2)(D). Accordingly, the court properly exercised its discretion in the imposition of the consecutive sentences.

The entry is:

Judgment affirming the sentences modified to reduce the sentence for violation of condition of release (Class E) to six months and, as modified, affirmed.

All concurring.