2003 ME 106

**STATE of Maine**

v.

**Robert FORBES.**

Supreme Judicial Court of Maine.

Submitted on briefs: March 11, 2003.

Decided: Aug. 12, 2003.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Thomas F. Hallett, Timothy E. Zerillo, Thomas F. Hallett Law Offices, P.A., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Robert Forbes appeals the judgment of conviction, entered after a jury trial (Cumberland County, *Delahanty, J.*), for assault (Class D), in violation of 17–A M.R.S.A. § 207(1) (1983) [1] and two counts of criminal threatening with a dangerous weapon (Class C), in violation of 17–A M.R.S.A. § 209 (1983).[2] Forbes argues that the trial court erred when it (1) denied him a self-defense jury instruction; (2) instructed the jury as to defense of

premises; and (3) determined that there was sufficient evidence to support the jury's finding that he was guilty of criminal threatening with a dangerous weapon on Count III. Because the defense of premises jury instruction lowered the mens rea standard required to support the convictions, we vacate the judgments on Count I and Count II. We affirm the conviction on Count III.

## I. CASE HISTORY

[¶ 2] On July 2, 2001, Robert Forbes was in front of his residence in Windham talking with a neighbor. While Forbes and his neighbor were talking, a vehicle driven by James Dean pulled up to the end of Forbes's driveway and stopped, blocking the driveway. Dean's wife, Sandra, and their son were passengers in the vehicle. Different versions of the events that followed were presented at trial.

[¶ 3] Dean testified that he stopped in front of Forbes's residence because he had just passed over a speed bump that, the day before, had ripped a splash shield off the front of his vehicle. Dean stated that he saw a neighbor that he recognized in the yard and rolled down his window to ask who was responsible for the speed bumps. Neither the neighbor nor Forbes seemed to hear him, so Dean stepped out of his vehicle and walked up Forbes's driveway. Dean asked who had built the speed bumps and Forbes replied that he had. Dean then asked Forbes to lower the bumps. Forbes responded that he would not lower them because they were work-

---

1. 17–A M.R.S.A. § 207(1) (1983), which governs the charge against Forbes, provides: "[a] person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another." Section 207(1) was amended by P.L.2001, ch. 383, § 10 effective January 31, 2003.

2. 17–A M.R.S.A. § 209 (1983) provides: "1. A person is guilty of criminal threatening if he intentionally or knowingly places another person in fear of imminent bodily injury. 2. Criminal threatening is a Class D crime." 17–A M.R.S.A. § 1252(4) (1983) provides that the commission of criminal threatening with a dangerous weapon raises the sentencing class of the crime one class higher.

ing. Dean testified that he then stated, "I'm not that upset about it right now ... but now that I know you built 'em and if I ride by here again and it happens again ... there is gonna be some type of problem." Forbes asked Dean what type of problem there would be, and Dean stated that they would probably end up getting into a fistfight. Forbes then walked a short distance to his garage and retrieved a handgun. Dean testified that Forbes pushed him twice, cocked the hammer of his gun, and kept yelling for Dean to leave his property. He stated that Forbes followed him to his vehicle and began waving the gun around. Dean recalled that his wife told Forbes to put the gun away, and Forbes responded by saying, "I'll shoot you all." Dean then entered his car and drove away.

[¶ 4] Sandra Dean's testimony was essentially the same. She testified that when Forbes was waving the gun around, it was occasionally pointed at her and she was afraid of getting shot. She testified that she yelled at Forbes to put the gun away because her son was in the car and Forbes was scaring them all. She testified that Forbes then told her he would shoot them all.

[¶ 5] Forbes testified that Dean pulled his car parallel to the road and blocked the mouth of his driveway. He stated that Dean walked up his driveway yelling about the speed bumps. Forbes told Dean that he would not take the speed bumps down, and Forbes said that Dean acted "hostile, unpleasant [and] obnoxious." Forbes stated that Dean told him that if he hit the speed bump again, that they were going to have a problem, meaning that they were "gonna get into it." Forbes testified that he believed that if he did not do what Dean wanted, Dean would beat him up or might get violent if he asked Dean to leave. Thus, Forbes walked into his garage, re-

trieved a pistol from his workbench, and shoved Dean toward the end of the driveway. He testified that, throughout the incident until they reached the end of the driveway, he kept the barrel of his gun pointed down and behind him, out of Dean's reach. Forbes testified that Dean said, "If you didn't have that gun I'd kick your ass."

[¶ 6] At the end of the driveway, Forbes testified that he placed the gun behind him and pointed it at the sky. He stated that Dean yelled, "Drop that gun right now and I will clean your clock." Forbes testified that he never threatened Dean but was simply prepared if Dean became violent. After being asked on cross-examination whether Dean's acting on his threat that there was going to be a problem was a "conditional situation," Forbes replied, "I think so."

[¶ 7] The neighbor, who witnessed the incident, essentially confirmed Forbes's version of the events. He described Dean as appearing mad. He testified that Dean seemed to cool off some but that Dean said to Forbes, "I wanted to tell you because if I go over the speed bump and something happens to my car[,] me and you are gonna go at it."

[¶ 8] Forbes's counsel outlined Forbes's position the same way, telling the jury in his opening statement:

> Mr. Dean made it clear that if he didn't get his way, maybe not right then at that moment but sometime real soon, he was going to engage in physical violence against Mr. Forbes. He made that very clear .... Mr. Forbes had no intention of fighting with [Dean]. He just wanted him off the property.

[¶ 9] Based on these events, Forbes was indicted on one count of assault (Class D), in violation of 17–A M.R.S.A. § 207(1), and two counts of criminal threatening with a dangerous weapon (Class C), in violation of

17–A M.R.S.A. § 209. A jury trial was held on July 25, 2002.

[¶ 10] After testimony was completed and before instruction of the jury, counsel and the court met to discuss instructions sought by Forbes. The court declined to give a self-defense jury instruction pursuant to 17–A M.R.S.A. § 108(1) (1983), because at the point that Forbes retrieved the gun, the evidence did not support a claim that Dean had threatened imminent use of violence. At that time, the threats were only conditional, dependent upon future problems with the speed bumps. The court did give a use of force in defense of premises instruction, 17–A M.R.S.A. § 104(1) (1983), limited to the two charges involving James Dean.[3] That instruction was given as follows:

> Now, Maine law says that a person in possession or control of premises where a person who is licensed or privileged to be thereon, and obviously an owner of property would fall into that category, is justified, meaning permitted, in using a reasonable degree of nondeadly force upon another, meaning another person, when and to the extent that he reasonably believes it's necessary to prevent or terminate the commission of a criminal trespass by such other person upon the premises.
>
> Now, when we talk about reasonable degree of nondeadly force or that the defendant reasonably believed it's necessary[,] our code does not tell us or give us a standard of reasonableness. That is for you to determine based upon the evidence in the case and using your common sense. Maine law further says that the display of a firearm without dis-

charging it is nondeadly force. Criminal trespass, and I give you this definition so you can determine whether it applies here, occurs when a person who knows that he is not licensed or privileged to be on certain premises, and this would be Mr. Dean, remains thereon in defiance of a lawful order to leave that was personally communicated to that person by the owner or another person.

[¶ 11] After the instructions, defense counsel objected to the instruction, stating that:

> [T]he issue of reasonableness of the defendant's belief and conduct has to be viewed in light of the crimes in which he is charged and the elements of the offense ... [such] that ... it's not enough simply for [the jury] to find that [Forbes] didn't act reasonably with respect to [the] assault ... [but instead,] they have to find there was a gross deviation from what a prudent, ordinary person would believe.

[¶ 12] The jury found Forbes guilty of all three charges. Forbes was sentenced to three years for each criminal threatening charge, with all but ninety-five days suspended, and four years probation to run concurrently with a forty-five-day sentence for the assault charge. This appeal followed.

## II. LEGAL ANALYSIS

### A. Self–Defense Instruction

[¶ 13] Forbes argues that the trial court erred by not giving a self-defense jury instruction as to the charges involving James Dean. He contends that the trial court's reasoning, that self-defense was not

---

3. 17–A M.R.S.A. § 104(1) states:
    1. A person in possession or control of premises or a person who is licensed or privileged to be thereon is justified in using nondeadly force upon another when and to

the extent that he reasonably believes it necessary to prevent or terminate the commission of a criminal trespass by such other in or upon such premises.

in issue because the threat to Forbes was conditional, was erroneous because the court was required to " 'suspend its disbelief' and assume that [Forbes's] story [that Dean was a present threat] was true." He also argues that the issue of self-defense was generated for the criminal threatening with a dangerous weapon charge that related to Sandra Dean.

[¶ 14] The issue of self-defense is generated when "the evidence is 'sufficient to make the existence of all the facts constituting the defense a reasonable hypothesis for the factfinder to entertain.' " *State v. Michaud*, 1998 ME 251, ¶ 16, 724 A.2d 1222, 1229 (quoting *State v. Case*, 672 A.2d 586, 589 (Me.1996)). To determine whether the issue is generated, the evidence must be viewed in the light most favorable to the defendant. *See State v. Wilder*, 2000 ME 32, ¶ 23, 748 A.2d 444, 450. Therefore, we examine the evidence in the light most favorable to Forbes to see if there was sufficient evidence to generate a self-defense jury instruction. *See id.*

[¶ 15] Displaying a firearm and threatening to use it is a use of nondeadly force, *State v. Glassman*, 2001 ME 91, ¶¶ 8–11, 772 A.2d 863, 866. The self-defense statute provides that when a person is threatened with imminent physical violence, that person "is justified in using a reasonable degree of nondeadly force upon another person in order to defend himself or a 3rd person from what he reasonably believes to be the imminent use of unlawful, nondeadly force by such other person ...." [4] 17 M.R.S.A. § 108(1). Even in the

light most favorable to Forbes, there is no evidence to support a finding of a reasonable belief by Forbes that Dean or his wife were about to use unlawful, nondeadly force against Forbes. The only threat of force by Dean was contingent on further damage to his vehicle caused by the speed bumps at some later time. Forbes's concern that Dean might have become violent, had he asked Dean to leave, was also contingent and was addressed directly by the court's defense of premises instruction.

[¶ 16] Although Dean may have been "obnoxious" and "unpleasant," this did not lead to an objectively reasonable belief that violence was imminent. There was no evidence that Dean either threatened immediate action or moved to strike Forbes. No evidence was presented that Sandra Dean ever stepped out of her vehicle, much less threatened Forbes in any manner. Accordingly, on the evidence presented, the trial court properly denied Forbes's request for a self-defense instruction. On retrial, the trial court will have to examine the evidence as it develops at trial, according to the standards set out in this opinion, to determine if the self-defense issue is generated from the evidence at the second trial.

**B. Defense of Premises Instruction**

[¶ 17] The justification statutes frequently use terms such as "reasonably believes" [5] or "reasonable ... force." [6] However, care must be taken to assure that any justification instruction does not lower the mens rea standard required for conviction. When a justification is generated,

---

4. 17–A M.R.S.A. § 108(1) (1983) provides, in pertinent part:
    1. A person is justified in using a reasonable degree of nondeadly force upon another in order to defend himself or a 3rd person from what he reasonably believes to be the imminent use of unlawful, nondeadly force by such other person, and he may use

a degree of such force which he reasonably believes to be necessary for such purpose.

5. *See* 17–A M.R.S.A. §§ 104, 106, 107, 108 (1983 & Supp.2002).

6. *See* 17–A M.R.S.A. §§ 105, 106, 107, 108 (1983 & Supp.2002).

proving the negative of the reasonableness issue is not enough to support a conviction. *See* 17–A M.R.S.A. § 101(3) (Supp.2002).[7] Thus, in an aggravated assault case, *State v. Smith,* 472 A.2d 948, 951 (Me.1984), we held that:

> Even though a factfinder might determine it objectively unreasonable for a defendant to believe that unlawful force is imminently threatened, or that the degree of counter-force applied is necessary, self-defense is not negated. Pursuant to 17–A M.R.S.A. § 101(3), the state, when prosecuting a defendant for a crime such as assault for which recklessness suffices, must further prove beyond a reasonable doubt that either belief is reckless, *i.e.,* a gross deviation from what the reasonable and prudent person would believe.

*See also State v. Davis,* 528 A.2d 1267, 1270 (Me.1987).

■ [¶ 18] Proof of at least reckless conduct is required to support an assault conviction. 17–A M.R.S.A. § 207(1) (1983 & Supp.2002). Proof of intentional or knowing conduct is required to support a criminal threatening with the use of a dangerous weapon conviction. 17–A M.R.S.A. § 209(1) (1983). Simply negating the reasonableness of a belief related to a justification, or even demonstrating that the belief was reckless, would be insufficient to support a conviction for a crime where proving mens rea requires proof of intentional or knowing action. To overcome the defense of premises justification for a criminal threatening charge, the instruction must indicate that the State was required to prove, beyond a reasonable doubt, either that Forbes knew that he was not threatened with imminent physical harm or that he knew that his threatened use of his firearm was not necessary to defend himself. Accordingly, the trial court erred in stating its defense of premises instruction in terms of reasonableness and in advising the jury that the criminal code "does not tell us or give us a standard of reasonableness. That is for you to determine . . . ."

C. Sufficiency of the Evidence Regarding Sandra Dean

■ [¶ 19] The trial court properly instructed the jury that to convict Forbes of the criminal threatening with the use of a dangerous weapon charge, the State was required to prove that Forbes intentionally or knowingly placed James Dean and Sandra Dean, respectively, in fear of imminent bodily injury. The Deans each testified that Forbes was waving the gun around, occasionally pointing it at Sandra, and stated to Sandra, "I'll shoot you all," when she told Forbes to put the gun away. This evidence was sufficient to support the jury's finding, in accordance with the instructions, that Forbes directly threatened Sandra, intentionally or knowingly placing her in fear of imminent bodily injury.

---

7. 17–A M.R.S.A. § 101(3) (Supp.2002) states:
   3. Conduct that is justifiable under this chapter constitutes a defense to any crime; provided that, if a person is justified in using force against another, but the person recklessly injures or creates a risk of injury to 3rd persons, the justification afforded by this chapter is unavailable in a prosecution for such recklessness. If a defense provided under this chapter is precluded solely because the requirement that the person's belief be reasonable has not been met, the person may be convicted only of a crime for which recklessness or criminal negligence suffices, and then, only if holding the belief, when viewed in light of the nature and purpose of the person's conduct and the circumstances known to the person, is grossly deviant from what a reasonable and prudent person would believe in the same situation.

[¶ 20] The jury was properly instructed, and the evidence was sufficient to support the conviction on Count III.

The entry is:

Judgments on Counts I and II vacated. Conviction on Count III affirmed. The sentence on Count III is vacated so that, if it chooses to, the court may reconsider the sentence on Count III after disposition, on remand, of Counts I and II.