2005 ME 119

**STATE of Maine**

v.

**Stephen F. FAULCON.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 16, 2005.

Decided: Dec. 7, 2005.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Attorney, Bangor, for State.

Marvin H. Glazier, Esq., Vafiades, Brountas & Kominsky, LLP, Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] Stephen F. Faulcon appeals from sentences totaling five years and six months, imposed in the Superior Court (Penobscot County, *Hjelm, J.*), following a sentencing hearing after Faulcon agreed

to enter guilty pleas on three charges of operating under the influence (Class C), 29–A M.R.S.A. § 2411 (1996 & Supp.2005); three charges of operating after habitual offender revocation (Class C), 29–A M.R.S.A. § 2557 (1996 & Supp.2005); one charge of leaving the scene of a motor vehicle accident (Class D), 29–A M.R.S.A. § 2252 (1996 & Supp.2005); one charge of failing to provide his correct name and address to a law enforcement officer (Class E), 29–A M.R.S.A. § 105(4) (Supp.2005); and one charge of violating a condition of release (Class E), 15 M.R.S.A. § 1092 (Supp.2005). Faulcon contends that the Superior Court abused its discretion by failing to properly weigh the mitigating factors and in imposing consecutive sentences. We affirm the sentence.

[¶ 2] These charges arose from three separate incidents occurring between June and November of 2003, while Faulcon was on probation after pleading guilty to operating after habitual offender revocation, 29–A M.R.S.A. § 2557, and operating under the influence, 29–A M.R.S.A. § 2411. Each of the three incidents involved multiple charges, and the court imposed a sentence of five years arising from each incident. The court determined that the five-year sentences arising from the first two incidents should be served concurrently,[1] but that the third five-year sentence should be served consecutively. Due to the mitigating circumstances, the court suspended all but six months of the consecutive sentence.

[¶ 3] Title 17–A M.R.S.A. § 1252–C (Supp.2005) requires the sentencing court to employ a three-step process in arriving at the length of a sentence. First, the court determines a "basic term of imprisonment," which determination is reviewed "for misapplication of principle."

*Id.* § 1252–C(1); *State v. Sweet,* 2000 ME 14, ¶ 14, 745 A.2d 368, 372. Second, the court determines the maximum sentence by considering any aggravating and mitigating factors in order to individualize the sentence. 17–A M.R.S.A. § 1252–C(2); *State v. Hewey,* 622 A.2d 1151, 1154 (Me. 1993). Third, the court arrives at the final sentence by determining whether or not to suspend a portion of the maximum sentence. 17–A M.R.S.A. § 1252–C(3). The second and third steps are reviewed for abuse of discretion. *Sweet,* 2000 ME 14, ¶ 15, 745 A.2d at 372–73. The record reflects that the court explicitly complied with section 1252–C. The court properly took into account Faulcon's serious attempts at rehabilitation in the second step of the sentencing process. Accordingly, there was neither a misapplication of principle nor an abuse of discretion.

[¶ 4] Turning to Faulcon's challenge to the consecutive sentences, 17–A M.R.S.A. § 1256 (1983 & Supp.2005) addresses the imposition of consecutive sentences. Section 1256(2) provides that:

> The sentences shall be concurrent *unless,* in considering the following factors, the court decides to impose sentences consecutively:
>
> A. That the convictions are for offenses based on different conduct or arising from different criminal episodes;
>
> B. That the defendant was under a previously imposed suspended or unsuspended sentence and was on probation, under incarceration or on a release program at the time the person committed a subsequent offense;
>
> C. That the defendant had been released on bail when that person com-

---

1. The court also revoked Faulcon's probation and activated the suspended five-year sentence to be served concurrently with these sentences.

mitted a subsequent offense, either pending trial of a previously committed offense or pending the appeal of previous conviction; or

D. That the seriousness of the criminal conduct involved in either a single criminal episode or in multiple criminal episodes or the seriousness of the criminal record of the convicted person, or both, require a sentence of imprisonment in excess of the maximum available for the most serious offense.

17–A M.R.S.A. § 1256(2) (1983 & Supp. 2005) (emphasis added). We review the imposition of consecutive sentences for an abuse of discretion, *Sweet,* 2000 ME 14, ¶ 19, 745 A.2d at 374, but the sentencing court's "discretion can be exercised only if one of the factors listed in section 1256(2) is present," *State v. Ilsley,* 604 A.2d 17, 19 (Me.1992).

[¶ 5] In the process of determining that consecutive sentences were warranted, the Superior Court stated:

> [B]ecause the convictions are for offenses based on different conduct or arising from different criminal episodes, and because, in my view the number of charges, the number of incidents, and the seriousness of those charges require a sentence of imprisonment, ... in excess of the maximum available for the most serious offense, which would be five years[, t]hose two factors justify in my view imposition of consecutive sentences.

It is clear that the Superior Court considered the factors contained in section 1256(2) when deciding to impose consecutive sentences. In addition, Faulcon was both released on bail and on probation when some of the offenses occurred. Accordingly, the court did not exceed its discretion.

The entry is:

Sentence affirmed.